## 26273. VENABLE v. THE STATE.

DECIDED SEPTEMBER 9, 1937.

George W. Westmoreland, for plaintiff in error.
*Frank Simpson, solicitor-general, E. J. Clower,* contra.

MacIntyre, J. Elbert Venable and Howard Gaddis were jointly indicted for committing the crime of burglary. Venable was tried separately, and was convicted of the offense charged, with a recommendation that he be punished as for a misdemeanor. His exception is to a judgment overruling his motion for new trial containing only the general grounds.

O. Ralph Hale testified, in effect, that some one broke into his store on the night of February 7, 1937, and stole therefrom various articles of merchandise. Howard Gaddis, the alleged accomplice, was the only witness whose testimony sufficiently connected the defendant with the burglary to warrant his conviction. If Gaddis was an accomplice, it was essential that his evidence be corroborated. Code, § 38-121. If he was not an accomplice, corroboration was unnecessary. "Mere presence at the commission of a crime does not render the spectator an accomplice with the actual perpetrator. 'Participation in the commission of the same criminal act and in the execution of a common criminal intent is necessary to render one criminal, in a legal sense, an accomplice of another.' . . Although a witness may have been present at or near the scene of the crime, and may have concealed the fact for a time, yet if he did not in any way aid, abet, procure, or participate in it, he is not an accomplice. *Allen* v. *State,* 74 *Ga.* 769; *Lowery* v. *State,* 72 *Ga.* 649." *Hargrove* v. *State,* supra. "An accomplice is one who is present at the commission of a crime, aiding and abetting the perpetrator, or who could be convicted of the crime as an accessory before the fact." *Street* v. *State,* 179 *Ga.* 636 (176 S. E. 613). Gaddis admitted that he was with Venable, both before and after the burglary was committed, and that he was present when Venable committed it; also that Venable left a sack of sugar taken from Hale's store at Gaddis's house. However, Gaddis denied that he participated in either the design or act of burglarizing the store, and testified, in effect, that the sugar was left at his house without his request or approval. In this situation it was for the jury to weigh all the facts and circumstances in the case which militated against Gaddis's statement that he did not participate in the crime, and determine whether he was an accessory; and the verdict may be upheld on the theory that the jury found that the witness was not an accomplice. In addition to the *Hargrove* case, supra, see *Ware* v.

*State,* 18 *Ga. App.* 107 (2) (89 S. E. 155); *Sellers* v. *State,* 41 *Ga. App.* 572 (153 S. E. 782).

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*