50472. PAYNE v. THE STATE.

MARSHALL, Judge.

Appellant was convicted of the offense of theft by taking and sentenced to 10 years in the state penal system. He appeals from the denial of his motion for new trial on the grounds that: (1) his conviction was based solely on the uncorroborated testimony of an accomplice, (2) the state failed to disclose to the jury an agreement not to prosecute the state's key witness (the alleged accomplice), and (3) the state's evidence was circumstantial and does not exclude every hypothesis save that of appellant's guilt. *Held:*

1. Appellant was charged with the theft of ten drums of cotton spray from a farmer in Colquitt County. At the trial the investigating police officer testified that he traced the theft of six of the drums back to appellant by talking to Gay, who said he bought the spray from Bryan, and to Bryan, who said he bought the spray from Taylor, and to Taylor, who said he received the spray from appellant. Taylor testified that one day appellant drove up into his (Taylor's) driveway with a truck load of the drums. "He told me he had it, that he wanted me to sell it, and asked me if I could sell it for him." Taylor also told the

policeman that the tire treads on appellant's truck matched the tire imprints found by the policeman in the dirt near the site of the theft. The policeman testified that he never looked at the tires on appellant's truck but relied solely on the description of them related to him by Taylor. Thus, Taylor's testimony was the only evidence connecting appellant to the crime. The appellant himself did not testify but relied on the defense of alibi.

We must agree with appellant that the testimony of Taylor is uncorroborated. The only connection between the tire tracks observed by the policeman at the scene and the appellant's truck is what Taylor told the policeman. An accomplice cannot corroborate his own testimony by something he told another witness. The corroborating circumstances must be *independent* of the testimony of the accomplice. *Pritchard v. State,* 224 Ga. 776 (1) (164 SE2d 808); *Sutton v. State,* 223 Ga. 313 (2) (154 SE2d 578); *Waldrop v. State,* 221 Ga. 319 (1) (144 SE2d 372).

The question then becomes: Was Taylor an accomplice of appellant? The cross examination by appellant's counsel at trial shows as follows: Approximately two weeks *prior to the theft,* Taylor had inquired of a cotton farmer if he would like to buy some cotton spray. Six of the 10 drums missing were seen on Taylor's farm immediately after the theft. Taylor did not raise cotton and had no other personal need for the spray. Taylor kept part of the proceeds from the sale of two drums (his "profit") and said he gave the rest to appellant. A check in payment for two of the drums was in Taylor's possession when he was questioned by police. The policeman testified that there were footprints of two persons at the scene of the crime. And there was testimony that it took two people to move the 55-gallon drums. Taylor's only explanation of where the spray came from was that appellant brought it to him to sell for $200 per drum. Even though Taylor found out the next day that the market value of the spray was $450 to $500 per drum, he testified that he did not suspect anything. Initially, at the committal hearing, Taylor denied knowing appellant. The trial judge gave no instructions on accomplice testimony and corroboration thereof.

Taylor was never indicted or charged with the

offense of theft by taking. Nevertheless, appellant contends that Taylor *could have been* charged, and was therefore an accomplice within the meaning of Code § 38-121, requiring corroboration of accomplice testimony in felony cases. "The test is whether these witnesses could themselves have been also indicted in the instant case, as participating in this particular crime, either as principals or as accessories. *Stone v. State,* 118 Ga. 705 (3) (45 SE 630, 98 Am. St. R. 145); *La Fray v. State,* 48 Ga. App. 133 (172 SE 115); *Kearce v. State,* 178 Ga. 220 (2) (172 SE 643)." *Perryman v. State,* 63 Ga. App. 825, 827 (12 SE2d 392). It is not necessary that the state have brought criminal proceedings against a person for the same or a related offense in order that that person be an accomplice. See e.g., *Evans v. State,* 222 Ga. 392 (16) (150 SE2d 240); *Roberts v. State,* 55 Ga. 220 (1, 2). " 'Whether a witness is an 'accomplice' within the meaning of the exception in the Penal Code, § 1017 [Code § 38-121], relating to the number of witnesses necessary to establish a fact, the test in general is 'could the witness himself have been indicted for the offense either as principal or as accessory.' [Cits.] In the case of *Chambers v. State,* 68 Ga. App. 338 (2) (23 SE2d 545), it is stated: 'An accessory before the fact and principals in the first and second degree are all accomplices.' " *Stebbins v. State,* 78 Ga. App. 534, 535 (51 SE2d 592). The laws defining accessories before and after the fact and principals in the first and second degree (Chap. 26-5 of Ga. Code Ann.) have been replaced by Chap. 26-8 of the Criminal Code of Georgia, Ga. L. 1968, pp. 1249, 1271 (Code Ann. §§ 26-801, 26-802). Under the facts in this case, Taylor "could be" indicted under either Code Ann. §§ 26-801 (b) (3) or (4) and 26-802 as a party to the crime. This is not to say that Taylor should be so prosecuted, but only that the facts set forth above at least raise the issue that he could be an "accomplice" under Code § 38-121, and that the question should have been submitted to the jury. That the question of whether or not a witness is an accomplice is for the jury, see *Pepper v. State,* 133 Ga. App. 1 (2) (209 SE2d 699). See also *Callahan v. State,* 209 Ga. 211 (8) (71 SE2d 86); *Hargrove v. State,* 125 Ga. 270 (54 SE 164); *Venable v. State,* 56 Ga. App. 366 (192 SE 646); *Hays v. State,* 9 Ga. App. 829 (72

SE 285). In the absence of such instruction to the jury, the trial court erred in not granting a new trial.

2. The remaining grounds enumerated by appellant are without merit.

*Judgment reversed. Bell, C. J., and Webb, J., concur.*

ARGUED APRIL 7, 1975 — DECIDED JUNE 25, 1975.

*Fallin & Kirbo, Keith Murphy,* for appellant.
*H. Lamar Cole, District Attorney,* for appellee.