## 52503. NOBLES v. THE STATE.

McMURRAY, Judge.

Defendant was indicted and convicted of selling and delivering marijuana to another for a valuable consideration, in violation of the Georgia Controlled Substances Act. He was committed to the Youthful Offender Division, Department of Corrections, for an indefinite term not to exceed six years. Defendant appeals. *Held:*

1. Following a discussion of two male junior high school students on a school bus as to how to obtain some marijuana they contacted a third student, who told them he would try to get some from the defendant. The first two gave him $10 to purchase a "dime bag." This student called defendant by telephone and a "dime bag" of marijuana was delivered by the defendant and the sum of $10 was given to defendant. The marijuana was delivered by this student to the first two students who had given him $10. The very next day one of them was caught with the marijuana at school, and a subsequent investigation disclosed the above facts.

2. Conversations and similar evidence even though of a hearsay nature, when they are facts to explain conduct and ascertain motives are admissible under Code § 38-302 as original evidence. See *Davis v. Farmers & Traders Bank,* 36 Ga. App. 415 (4) (136 SE 816); *Bryant v. State,* 191 Ga. 686, 689 (14) (13 SE2d 820); *Phillips v. State,* 206 Ga. 418, 419 (3) (57 SE2d 555); *Coleman v.*

*State,* 124 Ga. App. 313, 314 (2) (183 SE2d 608).

3. The testimony of the two students, one of whom was caught with the marijuana, was allowed in evidence as to the conversation with the third student, who was given $10 to purchase the marijuana, and who told them he would try to get it from the defendant, and that he did get it from the defendant. The court explained to the jury that this testimony was admitted for the purpose of explaining their conduct and that it did not, in and of itself, serve to connect the defendant with the alleged crime with which he was charged. The court did not err in allowing this testimony in evidence.

4. The remaining enumeration of error contends that the testimony of the accomplice, the student who was given the $10 to púrchase the marijuana, was not supported by proper corroborating evidence or testimony. The court properly left it up to the jury to decide under the evidence whether this witness was an accomplice. The verdict may be upheld on the theory that the jury found the witness was not an accomplice. *Hargrove v. State,* 125 Ga. 270 (2) (54 SE 164); *Venable v. State,* 56 Ga. App. 366 (192 SE 646); *Solomon v. State,* 18 Ga. App. 744 (90 SE 488). There is no merit in this complaint.

*Judgment affirmed. Pannell, P. J., and Marshall, J., concur.*

Submitted July 7, 1976 — Decided July 16, 1976.

*William Jonathan Murray,* for appellant.
*Claude W. Morris, District Attorney,* for appellee.