## 57228. ROBERTS v. THE STATE.

SHULMAN, Judge.

Defendant appeals following a verdict of guilty on a charge of armed robbery. For the reasons stated in Division 7 of this opinion, we reverse.

1. Appellant challenges the verdict on the general grounds. As we find sufficient evidence to support a conviction, the judgment is not subject to reversal on the grounds urged.

"It is our duty on appeal to determine whether the verdict as rendered can be sustained under any reasonable view taken of the proofs submitted. [Cits.] In making this analysis, this court is bound by the 'any evidence' rule . . ." *Purvis v. State,* 143 Ga. App. 447, 448 (238 SE2d 575). The testimony of the victim identifying the accused as the perpetrator of the crime constituted sufficient evidence to support defendant's conviction. Thus, we find that a verdict of guilty was authorized.

2. Appellant's contentions to the contrary notwithstanding, it was not error for the court to admit into evidence a handgun found at the home of the defendant when there was testimony that such gun was similar to and looked like the gun used in the robbery. *Herlong v. State,* 236 Ga. 326 (2) (223 SE2d 672).

3. The trial court held that a hairpiece was admissible as evidence. Appellant submits that this ruling constituted reversible error. As appellant did not object to the introduction of such evidence in the court below, he failed to preserve the asserted error for appellate review. *Corn v. State,* 240 Ga. 130 (4) (240 SE2d 694). Accordingly, this enumeration is without merit.

4. The evidence showed that the offense the accused was charged with committing took place in the nighttime. Photographs of the scene of the robbery taken in the daylight were admitted over appellant's objection that such photographs could not accurately represent the scene of the crime and that the photographs would prejudice the defendant. We cannot agree with appellant's argument that the court's evidentiary ruling constituted reversible error.

"The admission or exclusion of photographs, even

when there is admittedly some difference in the situation portrayed and that which existed, is a matter within the discretion of the trial judge and will not be controlled unless abused. [Cits.]" *Grasham v. Southern R. Co.,* 111 Ga. App. 158 (6) (141 SE2d 189). As there was testimony to the effect that the pictures accurately and fairly represented the scene of the crime, we find that the trial court did not abuse its discretion in admitting them into evidence. *Grasham,* supra. Consequently, this enumeration affords no ground for reversal.

5. Appellant enumerates as error the failure of the trial court to sustain his motion for directed verdict following the close of the state's case. Appellant contends that the state's evidence went to prove a crime defendant was not charged with, and that the variance between the allegata and the probata severely prejudiced the defendant.

Assuming, but not deciding, that there was a variance between the allegata and the probata in regard to the time of the commission of the crime, a motion for directed verdict was not the proper vehicle for obtaining relief. The defendant should have made a motion for continuance, postponement or recess if surprised by a time variance. *Caldwell v. State,* 139 Ga. App. 279 (2) (228 SE2d 219). As appellant sought a remedy to which he was not entitled, the court properly refused his request.

6. At trial, the officer who investigated the robbery testified to a conversation he had with another party. According to the officer, the party stated that he had heard that the accused had participated in the robbery. Appellant asserts that such testimony is inadmissible hearsay. Appellee, however, maintains that the officer's testimony was properly admitted for the limited purpose of explaining the subsequent conduct of the investigating officer. We agree with appellee.

"Conversations and similar evidence even though of a hearsay nature, when they are facts to explain conduct and ascertain motives are admissible under Code § 38-302 as original evidence." *Nobles v. State,* 139 Ga. App. 371 (1, 2) (228 SE2d 391). *Boggus v. State,* 136 Ga. App. 917 (2) (222 SE2d 686). As such testimony went to explain the subsequent conduct of the witness, it was admissible for

that purpose.

7. Over appellant's objection, the trial court permitted a co-defendant (as to whom a directed verdict of acquittal was entered) to testify that the accused had participated in another robbery with the co-defendant. Appellant's complaint that the admission of this testimony requires reversal is well taken.

Although the robbery testified to by the defendant's alleged accomplice was similar to the crime with which the defendant was charged, such testimony, in the absence of evidence to corroborate the testimony of the alleged accomplice, was not admissible to show common intent, scheme, plan or bent of mind of the defendant.

As appellant was not identified as a participant in the other alleged armed robbery by some evidence other than the testimony of the alleged accomplice, we find the admission of such testimony to constitute reversible error. *Hill v. State,* 236 Ga. 831 (225 SE2d 281).

8. As the remaining enumerations of error are unlikely to occur in the event of a new trial, we need not consider them here.

*Judgment reversed. Deen, C. J., and McMurray, P. J., concur.*

Submitted February 13, 1979 — Decided April 19, 1979.

*Gilmore, Waddell & Phillips, Thomas J. Phillips, Jr., A. C. Martinez, Jr.,* for appellant.

*H. Lamar Cole, District Attorney, Alden Snead, Assistant District Attorney,* for appellee.