## A93A2515. McKIBBEN v. THE STATE.

(441 SE2d 895)

SMITH, Judge.

Horace Odell McKibben was indicted on one count of aggravated assault, OCGA § 16-5-21. He was convicted, his motion for new trial was denied, and he appeals.

1. McKibben enumerates the insufficiency of the evidence to support his conviction. His sole contention, made without citation to authority, is that the sheer lapse of time between the commission of the crime and the trial rendered the eyewitness identifications worthless.

In August 1989, the victim was dragged from her car and stabbed with a knife after withdrawing money from a bank teller machine in the Little Five Points area of DeKalb County. Not realizing she was seriously injured, the victim and her passenger returned to their car and drove around searching for McKibben. They located him a short distance away, and he recognized them and ran. The victim testified that she had three very good opportunities to view McKibben's face on the date of the assault, and she was certain then that she would be able to identify him. She gave a meticulous description to the police, including the length of his eyelashes, his receding hairline, his beard and his clothing. Several days after the assault, the passenger recognized McKibben as he entered her place of work and called the police. At the time of McKibben's arrest he had a knife in his pocket. The victim identified McKibben again at the time of a preliminary hearing several days later, after recognizing him at an elevator in the courthouse. She identified him yet again at a hearing in September 1991. She was confident in her identification at trial, and noted slight changes in his appearance since the date of the assault. The passenger also identified McKibben at the time of his arrest, at the preliminary hearing, at another hearing, and at trial. Moreover, the passenger was presented with a different suspect shortly after the assault, and told the police that it was not the man who committed the assault. Viewed in the light most favorable to the verdict, there was ample evidence presented from which a rational trier of fact could reasonably find that McKibben was guilty of the offense charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. McKibben contends the trial court erred in charging the jury on the distinction between simple and aggravated assault. McKibben was charged with committing aggravated assault "with a knife, a deadly weapon." OCGA § 16-5-21 (a) (2). The trial court did not err in defining the essential element of simple assault as an element of aggravated assault with a deadly weapon. *Harper v. State*, 157 Ga. App. 480 (1) (278 SE2d 28) (1981). The charge was a correct statement of the law and adjusted to the facts of this case, which clearly

showed assault with a deadly weapon. The trial court immediately thereafter instructed the jury for a second time on reasonable doubt and burden of proof.

3. Finally, McKibben alleges ineffective assistance of counsel. He states in his brief that "he was told on the day of trial" that his former counsel "would no longer be representing him," and that trial counsel "took over the case on the day of trial." This is a blatant and egregious misstatement of the facts presented in testimony at the hearing on the motion for new trial. Before trial, McKibben was represented by Claudia Saari, the assistant public defender. Ms. Saari filed a *Brady* motion, a demand for a list of witnesses, and a motion for discovery approximately one month before trial. She prepared requests to charge. She met with McKibben at least two or three times and spoke to him many times on the telephone. At trial, Ms. Saari was present and actively assisted in the trial of the case. Lori Silverman, another attorney from the public defender's office, tried the case with Ms. Saari's assistance. Ms. Silverman was also familiar with the case and had participated in preparing it for trial. Contrary to the statements in his brief, McKibben in fact was represented at trial by *two* attorneys, both of whom had participated in preparing the case for trial.

In order to establish ineffectiveness of counsel under *Strickland v. Washington,* 466 U. S. 668, 695-696 (104 SC 2052, 80 LE2d 674) (1984), the appellant must show both (1) legal representation falling below " 'an objective standard of reasonableness' " and (2) . . . " 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Bowley v. State,* 261 Ga. 278, 280 (404 SE2d 97) (1991). Testimony at the hearing on the motion for new trial fully supported the trial court's finding that McKibben failed to show ineffectiveness under the standard of *Strickland. Scott v. State,* 263 Ga. 300 (432 SE2d 107) (1993).

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED MARCH 10, 1994.

*Elliott A. Shoenthal,* for appellant.

*J. Tom Morgan, District Attorney, Robert E. Statham III, Gregory J. Giornelli, Assistant District Attorneys,* for appellee.