## A99A2371. LOVELACE v. THE STATE.
### (527 SE2d 878)

MILLER, Judge.

Convicted of aggravated assault with intent to rape, Michael Lovelace enumerates as error the denial of his motion for new trial and the trial court's jury instruction on assault. He also contends that he was denied effective assistance of counsel.

1. Lovelace's third claim urges the general grounds. Specifically, he argues the evidence is insufficient because there was no competent evidence to support the incident date of November 5, 1997, as alleged in the indictment.

The specific contention that a time variance prejudiced Lovelace's alibi defense is not preserved for appellate review by a motion for directed verdict or other challenge to the sufficiency of the evidence;[1] rather, Lovelace should have moved for a continuance, postponement, or recess.[2]

Viewed in the light to uphold the jury's verdict, the evidence revealed that Lovelace, while giving the victim a ride home, stopped the vehicle, put his hand over her mouth and nose, held her arm behind her back so that it hurt, and ripped her clothes. He told her that he "was going to get what he wanted if he had to rape [her]," and he held a gun to her head. Lovelace twice attempted to penetrate her, but she kicked him and got out of the car.

The victim stated that Lovelace gave her a ride home from a bar around 10:00 p.m. on November 4. One of the victim's friends testified that the victim called after 12:00 a.m. and that she was nervous, upset, and crying. The crime was reported to the police at 12:14 a.m. on November 5, and the victim was examined at a hospital around 1:00 a.m.

---

[1] *Roberts v. State*, 149 Ga. App. 667, 668 (5) (255 SE2d 126) (1979); *Caldwell v. State*, 139 Ga. App. 279, 286-287 (2) (228 SE2d 219) (1976) (physical precedent only).
[2] *Roberts*, supra.

Alibi evidence does not make the date alleged in the indictment material unless proof of a different date effectively barred an alibi defense.[3] That was not the case here, for Lovelace's brother testified that he and Lovelace were together from 11:30 p.m. on November 4 to 1:30 a.m. on November 5. The evidence is sufficient if the State proves the offense occurred as of any date within the statute of limitation.[4] Thus, the evidence sufficed to sustain the conviction.[5]

2. Lovelace claims that the trial court erred by failing to charge the jury that assault includes the intent to injure and that this failure allowed the jury to convict him because he made a substantial step toward raping the victim instead of a substantial step toward assaulting the victim.

Lovelace did not submit a written request to charge on the elements of the crime; however, the court charged the jury on the crimes of assault, aggravated assault, and rape. The court also instructed the jury on carnal knowledge and that the intent to rape is a material element of aggravated assault in this case. Included in the crime of assault is the attempt to commit a violent injury.[6] And "[w]hether the requisite intent is manifested by the circumstances is a question for the trier of fact, and, on review, this court will not disturb the factual determination unless it is contrary to the evidence and clearly erroneous."[7] The instructions to the jury were correct statements of law, tailored to the evidence of the case, and a sufficient charge on the elements of aggravated assault with the intent to rape.[8]

3. Lovelace raises several grounds for ineffective assistance of counsel. To establish ineffectiveness, he must show (1) that counsel's performance was deficient, and (2) that this deficiency so prejudiced his defense that a reasonable possibility exists that the trial's result would have been different but for that deficiency.[9] "The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous."[10]

---

[3] *Pickstock v. State*, 235 Ga. App. 451 (1) (509 SE2d 717) (1998).

[4] *Edgehill v. State*, 253 Ga. 343, 345 (3) (320 SE2d 176) (1984); *Miller v. State*, 226 Ga. App. 509, 510 (1) (486 SE2d 911) (1997); *Arnold v. State*, 167 Ga. App. 720 (1) (307 SE2d 526) (1983).

[5] *Hillery v. State*, 236 Ga. App. 819, 820 (2) (513 SE2d 527) (1999).

[6] See OCGA § 16-5-20 (a).

[7] (Citation and punctuation omitted.) *Riddle v. State*, 145 Ga. App. 328, 330-331 (1) (243 SE2d 607) (1978), overruled on other grounds, *Adsitt v. State*, 248 Ga. 237, 240 (6) (282 SE2d 305) (1981).

[8] See *Bissel v. State*, 153 Ga. App. 564-565 (1) (266 SE2d 238) (1980); compare *McKibben v. State*, 212 Ga. App. 370-371 (2) (441 SE2d 895) (1994).

[9] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Etheridge v. State*, 228 Ga. App. 788, 789 (2) (492 SE2d 755) (1997).

[10] (Citations and punctuation omitted.) *Johnson v. State*, 214 Ga. App. 77, 78 (1) (447

(a) Lovelace argues that trial counsel failed to interview and investigate the alibi witness and failed to inform him of his right to testify. But the record reflects otherwise. Trial counsel testified at the new trial hearing that he interviewed the alibi witness, Lovelace's brother who lived in Missouri, by telephone 11 days before trial. Counsel also testified that he made a practice of informing his clients of their right to testify and told Lovelace that "he has a right to testify, he has a right not to testify, if he chooses not to testify then no adverse inference can be drawn from his failure to testify." Thus, the trial court was authorized to find that Lovelace failed to prove ineffective assistance on these grounds.[11]

(b) Counsel admitted he did not interview the State's witnesses, but he did get discovery and wrote to Lovelace's former treating psychiatrist to obtain records of his previous mental history. After consultation with Lovelace, counsel developed the theory of the case: "That [Lovelace] was not guilty, he was not at the bar at the time the alleged incident occurred." Lovelace contends trial counsel was ineffective because he failed to interview and investigate the State's witnesses and failed to use his history of mental illness in his defense. But Lovelace has not satisfied the second prong of the *Strickland* test in that he has not shown how the outcome of the trial would have been different but for the performance of trial counsel. He has presented no evidence that the failure to interview the State's witnesses prejudiced his defense[12] or that mental illness contributed to his actions.

(c) Lovelace and his brother stated that they were together from 11:30 p.m. to 1:30 a.m. Lovelace claims that he was at work from 6:00 p.m. to 10:00 p.m., but his brother testified that he saw Lovelace around 7:00 p.m. In his ineffective assistance claim, Lovelace argues that trial counsel allowed his brother to testify, although he was aware that there were inconsistencies in the testimony. Trial counsel testified that "what was important to [him] was the fact that he had an alibi witness[;] otherwise it was [Lovelace's] word against the victim's," and that he decided, as part of his trial strategy, to put Lovelace's brother on the stand because "it's all [Lovelace] had in terms of a defense." The trial court correctly concluded that counsel's professional decision to use the alibi witness, despite knowledge of minor time discrepancies between the testimony of Lovelace and this witness, was acceptable trial strategy and not any evidence that coun-

---

SE2d 74) (1994).

[11] See *Flemister v. State*, 229 Ga. App. 8, 9 (2) (492 SE2d 907) (1997).

[12] See *Cline v. State*, 224 Ga. App. 235, 238 (4) (480 SE2d 269) (1997); *Mosier v. State*, 218 Ga. App. 586, 590 (5) (a) (462 SE2d 643) (1995).

sel's performance fell outside that broad range of effective assistance members of the bar in good standing are presumed to render.[13]
*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED JANUARY 11, 2000.

*Robert L. Mack, Jr.*, for appellant.
*Robert E. Keller, District Attorney, Verda Andrews-Stroud, Assistant District Attorney*, for appellee.

[13] *Johnson*, supra, 214 Ga. App. at 79 (1); see also *Teat v. State*, 237 Ga. App. 867, 869 (2) (a) (516 SE2d 794) (1999).