A99A2452. WILLINGHAM v. THE STATE.
(530 SE2d 224)

POPE, Presiding Judge.

Charles Willingham appeals his conviction for the offense of armed robbery (OCGA § 16-8-41), asserting that the trial court erroneously denied his motion for a directed verdict and his motion for a new trial. Willingham challenges the sufficiency of the evidence, specifically contending that his conviction must be reversed because it is based upon the uncorroborated testimony of an accomplice. But because there is evidence which, independently of the accomplice's testimony, directly connects Willingham to the armed robbery, his contention is without merit. We affirm.

The standard of review for the sufficiency of evidence, in reviewing either a motion for a directed verdict or a motion for new trial, is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Humphrey v. State*,

252 Ga. 525, 527 (314 SE2d 436) (1984). We view the evidence in the light most favorable to the verdict, and Willingham no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*. Conflicts in the testimony of the witnesses are a matter of credibility for the jury to resolve. *Shabazz v. State*, 229 Ga. App. 465, 466 (1) (494 SE2d 257) (1997). As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. Id.

At trial, the State presented the testimony of Freddie McCaskill, who entered a plea for his participation in the robbery. McCaskill testified: On April 30, 1998, McCaskill, along with Willingham and a third man, approached and demanded money from the victim, who was working alone in the equipment room of a car wash. Willingham and the third man threatened the victim at gunpoint. Willingham struck the victim, and the victim fell to his knees. The victim begged for his life, offering his automated teller machine card, which the men took. Willingham took the victim's keys and sped away in the victim's truck. McCaskill and the third man left the scene in a separate vehicle.

Within a week of the robbery, police officers arrested McCaskill. On the day of his arrest, McCaskill gave a statement, supplying Willingham's name to the detective. The detective used Willingham's name, along with the victim's description, to construct a photographic lineup. On May 5, 1998, the detective presented to the victim the photographic lineup, which contained the photograph of Willingham and five other males of the same race, with similar facial features, hairstyles, and other physical characteristics. The victim testified that after examining the photographs, he identified the robber who put the gun to his head, forced him to his knees, and took his cash and wallet. The detective testified that it was Willingham's photograph that the victim identified.

Willingham contends that the evidence cannot support his conviction because it is based upon the uncorroborated testimony of an accomplice. Willingham points out that it was McCaskill who provided Willingham's name to the detective, who then used Willingham's name in constructing the photographic lineup. Relying on *Payne v. State*, 135 Ga. App. 245 (217 SE2d 476) (1975), Willingham argues that the detective's testimony cannot sufficiently corroborate McCaskill's testimony as it is not independent of McCaskill's testimony. But *Payne* is inapposite to this case. In *Payne*, Payne's accomplice told the investigating police officer that tire treads on Payne's truck matched tire imprints the officer found at the crime scene. Id.

at 246. The police officer never looked at the tires on Payne's truck but relied solely on the accomplice's description. Id. Thus, in *Payne*, the accomplice's testimony was the only evidence connecting Payne to the crime. Here, the accomplice's testimony is not the only evidence connecting Willingham to the crime. Although the detective used information from the accomplice in constructing the photographic lineup, it was the testimony regarding the victim's pretrial identification of Willingham that independently connected Willingham to the armed robbery.

Willingham next points to the victim's failure to provide an in-court identification of Willingham as one of the robbers and argues that the victim's testimony cannot provide sufficient independent evidence connecting him to the armed robbery. We disagree. The victim testified that the equipment room was well lit and that the three men did not wear masks. Within a week of the robbery, the victim positively identified Willingham during a pretrial photographic lineup as one of the individuals who robbed him. This argument is without merit. See *Harper v. State*, 213 Ga. App. 444, 445-446 (1) (445 SE2d 303) (1994).

The rule that a felony conviction may not be based upon the uncorroborated testimony of an accomplice, see OCGA § 24-4-8, applies only when the accomplice is the sole witness upon whose testimony the State relies. *Telfair v. State*, 234 Ga. App. 444, 445 (507 SE2d 195) (1998). Here, the State introduced evidence, including testimony of the victim's pretrial identification of Willingham as one of the robbers, which, independently of the accomplice's testimony, directly connects Willingham to the armed robbery. We conclude that the evidence is sufficient to support Willingham's conviction. *Jackson v. Virginia*, 443 U. S. 307. The trial judge did not err in denying Willingham's motions for a directed verdict of acquittal and for a new trial.

*Judgment affirmed. Smith and Miller, JJ., concur.*

DECIDED FEBRUARY 22, 2000.

*Patricia F. Angeli*, for appellant.

*Robert E. Keller*, District Attorney, *Erman J. Tanjuatco*, Assistant District Attorney, for appellee.