A08A1005. SELLERS v. THE STATE.
(669 SE2d 544)

BARNES, Chief Judge.

Antonio Sellers appeals his conviction of armed robbery. He contends the verdict should be overturned because his trial counsel failed to assist him effectively to the extent required by the Sixth and Fourteenth Amendments, and the evidence was not sufficient. For the reasons stated below, we affirm Sellers' conviction.

Viewed in support of the verdict, the evidence shows that one night, two men dressed in black entered a motel in Richmond Hill and, while holding an employee of the motel at gunpoint, stole money from the cash register. Approximately five minutes before the robbery, a fifteen-year-old girl entered the motel, asked the employee

---

a question concerning room rates, and then left. The girl, a friend of the robbers, identified the two robbers as Sellers and an accomplice. After the robbery, the two men and the girl drove off in Sellers' car and later threw a duffel bag containing the clothes that they had worn during the robbery out of the window of the car at a highway exit ramp. Based upon information provided by the girl, some of the clothes were later discovered by a police detective at the highway interchange.

Sellers was convicted of armed robbery and sentenced to 15 years of confinement in prison. After Sellers moved for a new trial on the grounds that the verdict was against the weight of the evidence and that his counsel was ineffective, the trial court denied the motion.

1. Sellers argues that the verdict should be reversed because his defense counsel was ineffective. Sellers argues that his counsel's performance was deficient because counsel failed to meet adequately with him, failed to inform the jury of a prior sexual relationship between him and the teenage witness and raise the possibility that her testimony was the vindictive product of a "jilted lover," failed to have Sellers try on the boots submitted as evidence by the State, and failed to permit him to testify.

To establish an ineffective assistance of counsel claim, Sellers must show that the counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SC 2052, 80 LE2d 674) (1984). The appellant must show that both prongs of the *Strickland* test are met. Id. Further, a strong presumption exists that the counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Head v. Hill*, 277 Ga. 255, 266 (VI) (587 SE2d 613) (2003). Ineffectiveness claims are mixed questions of law and fact. Id. We accept the trial court's findings of fact unless clearly erroneous and apply the law to the facts independently. Id. Here, because Sellers has failed to demonstrate that his counsel was ineffective, we need not consider the prejudice prong. *Nelson v. State*, 255 Ga. App. 315, 322-323 (565 SE2d 551) (2002).

(a) Sellers argues that his counsel's performance was deficient because she failed to meet with him adequately. He asserts that counsel met with him twice for a total time of less than one hour. However, during the hearing on his new trial motion, Sellers admitted to three meetings with his counsel, and his trial counsel testified she met with him at least four times. The trial court, the factfinder, found that Sellers met with his trial counsel four times before trial. Regardless, neither the total number of meetings nor the time spent in meetings are dispositive, as each case must be

538

judged according to its own circumstances and complexity. *Hand v. State*, 205 Ga. App. 467, 469 (2) (422 SE2d 316) (1992). Sellers met with his counsel on multiple occasions and discussed the possibility of a plea bargain, the nature of the evidence, the range of possible sentences, and whether to testify himself. Accordingly, the trial court's finding that Sellers' trial counsel was not ineffective is not clearly erroneous, and must be affirmed.

(b) Sellers also argues that his counsel's performance was ineffective because she failed to bring to the jury's attention a prior sexual relationship between Sellers and the key witness for the State, the then 14-year-old girl. Counsel, Sellers argues, should have raised the possibility that, because of their previous sexual relationship, the girl's testimony was tainted, which he describes as the "defense of a jilted or scorned lover."

To prevail on this claim, Sellers must show that defense counsel's decision to forsake the "jilted or scorned lover defense" was a tactic that "[was] so patently unreasonable that no competent attorney would have chosen [it]." (Citation and footnote omitted.) *Terrell v. State*, 276 Ga. App. 102, 104 (2) (622 SE2d 434) (2005). Here, the defense counsel's tactical decision appears quite reasonable in light of the record and does not approach the requirement that it be "patently unreasonable."

The record shows that trial counsel argued at trial that the girl was an accessory to the crime and only testified against Sellers to avoid facing charges for her role in the robbery. At the new trial hearing, trial counsel testified that she thought discussing the previous sexual relationship between Sellers, who was married and in his late 20s, and the witness, who was 14 during their liaison, was a bad strategy because doing so could expose Sellers to statutory rape charges and negatively affect the jury's assessment of his character. This strategy cannot be said to be patently unreasonable.

(c) Sellers argues that his trial counsel was also ineffective for failing to conduct an evidence-related demonstration. Sellers asserts that his trial counsel should have had him try on the size ten boots in evidence to demonstrate that they would not fit because he wore a size seven. Trial counsel stated at the new trial hearing that she did not want Sellers to try on the boots during the trial because doing so would have called the jury's attention to the fact that Sellers was wearing exactly the same type of boots, black Timberlands. Further, not all of the robbers' clothing was recovered, and the boots could have belonged to his accomplice. Additionally, the boots were too large, not too small, and thus would still fit on Seller's feet. Finally, because Sellers could not make such a demonstration without first testifying under oath, he would have had to take the stand. *State v. Battaglia*, 221 Ga. App. 283, 284-285 (1) (470 SE2d 755) (1996). Such

a demonstration would have been inconsistent with the defense strategy not to expose Sellers to cross-examination by the State. Accordingly, the trial court did not err in concluding that trial counsel was not ineffective for this reason.

(d) Sellers claims that his trial counsel was ineffective for failing to discuss or "allow" him the opportunity to testify. Counsel testified that she discussed with Sellers whether to testify on his own behalf and recommended that he not do so because his prior armed robbery conviction which had been suppressed might come to the jury's attention. She recalled that the trial court advised him about his right to testify or not, although that colloquy might not have been recorded. Therefore, the trial court's decision that Sellers' defense counsel was not ineffective was not clearly erroneous.

2. Sellers argues that the State failed to prove his guilt beyond a reasonable doubt because insufficient corroborating evidence was presented to support the testimony of an accomplice and because inconsistencies existed in the descriptions given of the robbers. Under Georgia law,

> [t]he testimony of a single witness is generally sufficient to establish a fact. However, in certain cases, including prosecutions for treason, prosecutions for perjury, and felony cases where the only witness is an accomplice, the testimony of a single witness is not sufficient. Nevertheless, corroborating circumstances may dispense with the necessity for the testimony of a second witness, except in prosecutions for treason.

OCGA § 24-4-8.

Even accepting arguendo that the teenage girl was Seller's accomplice, she was not the State's only witness. The rule that a conviction may not be based upon the uncorroborated evidence of an accomplice applies only when the accomplice is the sole witness upon whose testimony the State relies. *Willingham v. State*, 242 Ga. App. 472, 473 (530 SE2d 224) (2000). Here, the State also relied upon the testimony of the motel clerk who provided a description of the robbers, their attire, and the time and details of the robbery. Further, the State presented physical evidence — the clothing — that tied Sellers to the robbery. Accordingly, the trial court did not err in concluding that sufficient corroborating evidence supported Seller's conviction.

Sellers also argues that inconsistencies relating to the descriptions of the clothing worn over the robbers' heads and faces alternatively as "stockings," "panty-hose," and "doo-rags" and the variance between his height and the robbers' render the guilty verdict

inconsistent with the weight of the evidence presented at trial. The trial court rejected this argument, and we affirm.

When evaluating the sufficiency of evidence, the proper standard of review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We review the evidence in the light most favorable to the verdict, giving deference to the jury's determination as to the proper weight and credibility to be given the evidence. *Dean v. State*, 273 Ga. 806, 807 (1) (546 SE2d 499) (2001). It is the function of the jury, not this Court, to assess the credibility of the witnesses, to resolve any conflicting evidence, and to determine the facts. *Butler v. State*, 273 Ga. 380, 382 (1) (541 SE2d 653) (2001). Accordingly, we affirm the trial court's decision and find that any rational trier of fact could have found Sellers guilty beyond a reasonable doubt based upon this evidence.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 14, 2008.

*Earle J. Duncan III*, for appellant.

*Tom Durden, District Attorney, Cris E. Schneider, Ronald J. Poirier, Assistant District Attorneys*, for appellee.