## A94A2432. JONES v. THE STATE.

(454 SE2d 631)

McMURRAY, Presiding Judge.

Defendant pleaded guilty to possession of cocaine with intent to distribute and reserved the right to challenge on appeal the trial court's denial of his motion to suppress. *Mims v. State*, 201 Ga. App. 277, 278-279 (1) (410 SE2d 824) (1991). This appeal is properly before this court for review since defendant's plea of guilty was entered within 30 days of official publication (July 9, 1994) of this court's decision in *Hooten v. State*, 212 Ga. App. 770 (1), 775 (442 SE2d 836).

At about 1:50 in the morning on December 31, 1993, Officer C. P. LaRoche of the DeKalb County Police Department was on routine patrol in an area known for illegal drug activity. In darkness, the officer extinguished the lights of his patrol car and turned onto a street where he had made several prior arrests for illegal drug activity. The officer slowly coasted his police cruiser to a vacant lot and quietly stopped. He then suddenly illuminated the area with the headlights of his patrol car and exposed several individuals loitering around a parked car, including a suspected drug dealer known to Officer LaRoche as "Cash."

"Cash" sprang from the parked vehicle and fled into a nearby thicket as soon as Officer LaRoche illuminated the area. The officer then approached the scene and observed "four other subjects with the vehicle." Defendant "was seated in the middle rear seat of the vehicle." Officer LaRoche began questioning defendant and his associates, but defendant did not respond. Officer LaRoche then "noticed . . . a bulge coming out of the left side of [defendant's] cheek." "At that point[, the officer] noticed that [defendant] kind of choaked (sic) like he was gagging. . . ." Officer LaRoche "asked [defendant] what was wrong [and defendant] told [the officer] he had a tooth ache." Officer LaRoche then observed several small plastic bags and bits of tissue paper emerging from defendant's mouth. Officer LaRoche asked defendant to "spit the stuff out." Defendant complied. "He spit some on the back seat [of the suspect vehicle] and some on the trunk of [Officer LaRoche's] police car." The plastic bags contained a substance which tested positive for cocaine. *Held*:

Defendant contends the trial court erred in denying his motion to suppress, arguing that Officer LaRoche did not have reasonable suspicion to approach and detain him.

" ' " (A) police officer is authorized to make a brief, investigatory detention of an individual where the intrusion can be justified by specific, articulable facts giving rise to a reasonable suspicion of criminal conduct. What is demanded of the police officer . . . is a founded suspicion, some necessary basis from which the court can determine that the detention was not arbitrary or harassing." (Citations and punctu-

ation omitted.) (Cit.)' *Foster v. State*, 208 Ga. App. 699 (1) (431 SE2d 400) (1993)." *Wilson v. State*, 210 Ga. App. 886 (437 SE2d 867). In the case sub judice, defendant was not only sitting in a parked vehicle at 1:50 in the morning in an area known for illegal drug activity, Officer LaRoche initiated several successful prosecutions (arrests) for illegal drug activity in the very spot where defendant and his associates were detained. These specific and articulable facts along with the fact that a known drug dealer (who was standing by the parked car) fled the moment Officer LaRoche illuminated the scene authorizes the trial court's finding that Officer LaRoche had reasonable suspicion to briefly detain defendant and his associates to determine the purpose of their early morning gathering. *Wilson v. State*, 210 Ga. App. 886, 887, supra. See *Goodman v. State*, 210 Ga. App. 369, 371 (436 SE2d 85). Of course, probable cause authorizing defendant's arrest arose when Officer LaRoche observed defendant in possession of suspected cocaine. See *Copeland v. State*, 213 Ga. App. 39, 40 (1), 41 (443 SE2d 869).

The trial court did not err in denying defendant's motion to suppress.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 28, 1995.

*Corinne M. Mull,* for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Robert E. Statham III, Robert M. Coker, Assistant District Attorneys,* for appellee.