## A02A0911. McCOLLUM v. THE STATE.
### (571 SE2d 405)

JOHNSON, Presiding Judge.

A jury found Christopher McCollum guilty of possession of cocaine and obstructing and hindering a law enforcement officer. He appeals from the judgments of conviction entered on the verdict, claiming the trial court erred in denying his motion for a new trial based on ineffective assistance of counsel, refusing to allow a proffer of evidence relating to his motion to suppress at the hearing on his

motion for a new trial, and denying his motion for a new trial based on the sufficiency of the evidence. He also asks this Court to review the trial court's decision not to allow him to review the arresting officer's personnel file, though he makes no argument in this regard. For the reasons that follow, we affirm McCollum's convictions.

On appeal from a criminal conviction, we view the evidence in a light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence.[1] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[2]

So viewed, the evidence reveals that a sheriff's deputy received information that McCollum was in possession of cocaine. The officer set out looking for McCollum, and, at approximately 5:00 p.m., he spotted McCollum standing between two trailers. The officer parked his car about 150 feet away and watched as McCollum conducted what appeared to be a hand-to-hand drug transaction with the driver of a pickup truck. The officer drove his patrol car to within about 15 feet of McCollum and parked. He casually approached McCollum and asked him what he was doing. McCollum replied "nothing." The officer asked McCollum if he had any narcotics in his possession. McCollum said he did not and then put his hands up and asked if he was under arrest. The officer, who was now standing about two feet away, told McCollum that "he was not under arrest unless he had narcotics on his person and then he would be placed under arrest." McCollum placed his finger in the front pocket of his pants and began scooping something out. The officer told McCollum not to reach into his pocket. As McCollum pulled his finger out of the pocket, a small plastic bag containing what the officer believed was cocaine became visible between McCollum's finger and the pocket. The officer grabbed McCollum's finger and the bag at the same time. McCollum struck the officer's arm, causing the bag to fall from the officer's hand onto the ground. McCollum spun away and ran down the street, leaving the bag containing cocaine behind. An arrest warrant was sworn out, and McCollum eventually turned himself in to police.

1. McCollum challenges the sufficiency of evidence to support the possession of cocaine conviction. He says that the only evidence that the cocaine came from his pocket was the officer's testimony, that the officer's testimony was "somewhat" impeached by his failure to include in his written report the presence of other witnesses, and that McCollum's witnesses testified that they saw nothing fall to the

---

[1] *Davis v. State*, 253 Ga. App. 803, 804 (1) (560 SE2d 711) (2002).
[2] Id.

ground and saw no cocaine or plastic bag. McCollum did not testify at trial.

Assuming there are conflicts in the evidence, such conflicts are a matter of credibility for the jury to resolve.[3] If there is some competent evidence, even though contradicted, to support each fact necessary to make out the state's case, the jury's verdict will be upheld.[4] Here, there was competent evidence from which a rational trier of fact could have found McCollum guilty beyond a reasonable doubt of possessing cocaine.[5]

2. McCollum contends the trial court erred in denying his motion for a new trial because he was denied effective assistance of counsel. Specifically, he complains that trial counsel withdrew his motion to suppress without his consent, withdrew the motion to suppress in his absence and without him having waived his right to be present, and failed to object to a juror sleeping during the trial. None of the arguments presents grounds for reversal.

To prevail on a claim of ineffective assistance of counsel, a defendant must show two things: that counsel's performance was deficient and that the deficiency prejudiced the defense.[6] The trial judge, who oversaw the trial and heard the evidence presented at the hearing on the motion for new trial, makes the findings on whether the performance was deficient and whether it prejudiced the defendant, findings that this Court does not disturb unless clearly erroneous.[7] In evaluating an attorney's performance, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.[8]

(a) McCollum claims he should have been granted a new trial because his trial counsel withdrew his motion to suppress, even though the motion was meritorious. McCollum argues that his attorney withdrew the motion because McCollum was not present in court when it was to be heard; his absence, he points out, was due to his not being given any notice of the hearing. McCollum contends the motion to suppress had merit in that the officer did not establish the informant's reliability and had no grounds to request that he empty his pockets.

Even if we assume, without deciding, that trial counsel's performance was deficient in that she failed to notify McCollum of the suppression hearing and then withdrew the motion because he was not

[3] *Willingham v. State*, 242 Ga. App. 472, 473 (530 SE2d 224) (2000).
[4] Id.
[5] See *Jester v. State*, 229 Ga. App. 490, 493 (3) (494 SE2d 284) (1997).
[6] *Fults v. State*, 274 Ga. 82, 83-84 (2) (548 SE2d 315) (2001).
[7] *Kilpatrick v. State*, 252 Ga. App. 900, 902 (1) (557 SE2d 460) (2001).
[8] *Rucker v. State*, 271 Ga. 426, 427 (520 SE2d 693) (1999).

present, there has been no showing of prejudice. This is because the motion to suppress lacked merit.

Even when a police officer has no basis for suspecting a particular individual, he may generally ask questions of that individual and request consent to search — as long as the officer does not convey a message that compliance with his requests is required.[9] Here, the officer testified that he casually approached McCollum and asked him questions, which the law permits.

Furthermore, before the officer approached McCollum, he saw activity which aroused his suspicion of drug activity. A police officer is authorized to make a brief, investigatory detention of an individual where the intrusion can be justified by specific, articulable facts giving rise to a reasonable suspicion of criminal conduct.[10] What is demanded of the police officer is a founded suspicion, some necessary basis from which the court can determine that the detention was not arbitrary or harassing.[11] The suspicion was sufficient for a *Terry*-type inquiry.[12] And, the contraband which was recovered at the scene was in plain view due to McCollum's own actions. Although McCollum states in his brief that he was asked to empty his pockets, the testimony at trial does not support that statement. Instead, the officer testified that he told McCollum not to reach into his pocket.

The evidence shows that McCollum voluntarily reached into his pocket, thereby exposing the bag of cocaine. The officer was lawfully in position to obtain the view, the discovery was inadvertent, and the object viewed was immediately seen to be incriminating.[13] Contraband lawfully found in plain view need not be ignored and can be seized.[14]

There was nothing illegal about this search or seizure. The trial court did not err in denying McCollum's new trial motion based on counsel's failure to pursue a motion which had no merit.[15]

(b) Nor did the trial court err in denying McCollum's motion for a new trial on the grounds of ineffective assistance because counsel withdrew the suppression motion in his absence. According to McCollum, counsel's withdrawal of the motion in his absence violated his right to be present during a critical phase of his trial — the hearing on his motion to suppress.

McCollum correctly states that, without waiver or acquiescence by the defendant, it is prejudicial error to conduct an evidentiary

---

[9] *Hooper v. State*, 251 Ga. App. 533, 535 (1) (554 SE2d 750) (2001).
[10] *Jones v. State*, 216 Ga. App. 449, 450 (454 SE2d 631) (1995).
[11] Id.
[12] *Edwards v. State*, 194 Ga. App. 571, 572 (1) (391 SE2d 137) (1990).
[13] See *Samuel v. State*, 198 Ga. App. 558, 560 (2) (402 SE2d 325) (1991).
[14] Id.
[15] See generally *McKinney v. State*, 251 Ga. App. 896, 898 (2) (a) (555 SE2d 468) (2001).

suppression hearing in the defendant's absence.[16] However, no evidentiary suppression hearing was held in this case, so that rule is inapplicable. Indeed, none of the authority cited by McCollum involves the withdrawal of a motion to suppress in the accused's absence. We point out that counsel is not ineffective for failing to file a motion to suppress which would not have been granted,[17] or for withdrawing a motion to suppress for strategic reasons.[18] In light of the strong presumption that counsel's conduct was reasonable, and the fact that there was no evidentiary hearing on the motion to suppress, we find no error in the trial court's holding that trial counsel's withdrawal of the suppression motion during McCollum's absence from the courtroom did not amount to ineffective assistance of counsel.

(c) Trial counsel was not ineffective for failing to notify the trial court that a juror was sleeping. At the hearing on the motion for a new trial, trial counsel testified that she noticed a juror sleeping during the prosecutor's and defense attorney's closing arguments. She did not notice the juror sleeping during the presentation of evidence. Defense counsel testified that she intentionally did not bring the matter to the attention of the trial court because she believed that she "had lost that juror and that he was not going to be the one who was sympathetic to Mr. McCollum."

We have previously held that trial counsel is not ineffective for failing to voice an objection to the court that a juror was asleep.[19]

The test regarding effective assistance of counsel has been iterated many times by this Court to be "not errorless counsel, and not counsel judged ineffective by hindsight, but counsel rendering reasonably effective assistance."[20] Applying this principle to the present case, we cannot say that McCollum was denied his constitutional right to effective assistance of counsel on this or any of the other proposed grounds.[21] The trial court's finding on this issue is not clearly erroneous and must be affirmed.[22]

3. McCollum complains that, at the hearing on the motion for a new trial, the trial court erroneously refused to allow him to proffer the evidence necessary to show that his motion to suppress had merit. At the hearing, defense counsel asked the court to reserve ruling on the new trial motion until she had an opportunity to contact and call as a witness the arresting officer. The trial court asked coun-

---

[16] *Hill v. State*, 222 Ga. App. 839 (1) (476 SE2d 634) (1996).
[17] *Arnold v. State*, 253 Ga. App. 307, 308 (1) (560 SE2d 33) (2002).
[18] *Coburn v. State*, 252 Ga. App. 315, 319-320 (4) (b) (555 SE2d 750) (2001).
[19] *Trenor v. State*, 252 Ga. 264, 266-267 (7) (313 SE2d 482) (1984).
[20] (Punctuation omitted.) Id.
[21] Id.
[22] See generally *Adams v. State*, 274 Ga. 854, 856 (5) (561 SE2d 101) (2002).

sel what she expected the arresting officer to say that would support McCollum's motion to suppress. Counsel replied that the officer's tip that McCollum possessed cocaine came from McCollum's ex-girlfriend, who had numerous felony convictions. According to McCollum, the tip was the basis for the officer's approach and search of McCollum. The trial court did not err in refusing to continue the hearing so that McCollum could examine the officer.

First, the officer testified at trial and McCollum was able to cross-examine him. McCollum could have explored at trial what he believed were pertinent issues surrounding the officer's approach and attempted arrest of McCollum.

Second, the testimony McCollum says the officer would have given at the new trial hearing would not have resulted in a grant of the suppression motion. Testimony as to the reliability of the tip or informant is irrelevant in this case because, as discussed above, the officer was authorized by law to approach McCollum and ask him questions *even without the tip*. And the officer testified that McCollum reached into his own pocket without being told to do so. Under the circumstances, McCollum has not demonstrated that he was harmed by not being allowed to further question the officer.[23]

4. In his final enumeration of error, McCollum requests that this Court review the arresting officer's personnel file for the purpose of reviewing the trial court's decision not to allow defense counsel to review the file. However, he does not address this enumeration in his brief, entirely omitting both argument and any citation of authority in support thereof. Accordingly, this enumeration of error is deemed abandoned under Court of Appeals Rule 27 (c) (2).[24]

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED SEPTEMBER 10, 2002.

*Moulton & Massey, Jeremy A. Moulton*, for appellant.
*Richard R. Read, District Attorney, Kirk M. Thomas, Assistant District Attorney*, for appellee.

---

[23] See *Spivey v. State*, 200 Ga. App. 284, 286 (407 SE2d 425) (1991).
[24] See *Ochoa v. State*, 252 Ga. App. 209, 211 (5) (555 SE2d 857) (2001).