A02A2221. WITCHER v. THE STATE.
(574 SE2d 455)

MIKELL, Judge.

We granted Jarvis Witcher's application for discretionary appeal following the revocation of his probation to determine whether the trial court erred in denying his motion to suppress evidence. Finding that the brief, investigatory detention of Witcher that led to his arrest was based on a reasonable suspicion of criminal conduct, we affirm the trial court's order.

On February 18, 2002, Witcher pleaded guilty to possession of cocaine and obstruction of a law enforcement officer and was sentenced to five years on probation for the drug offense and twelve months on probation on the obstruction charge. Five days after he was sentenced, Witcher was seen in an area known for drug trafficking by two police officers, Matt Elwood and Anthony Shawn Collins, who were aware that Witcher had been placed on Narcotics Intervention Probation Supervision ("NIPS") for a drug offense. The officers saw Witcher and another man standing together on the corner of Nowell and West Marable Streets in Monroe. Officer Collins approached the men from Nowell Street, while Corporal Elwood walked toward them on West Marable Street. Witcher and his companion began walking away from Corporal Elwood and toward Officer Collins. At that point, Officer Collins noticed that Witcher began "messing with his right side pants pocket." Officer Collins testified that he became concerned for his safety because the pocket was "a good place to conceal drugs or a weapon." Accordingly, Officer Collins asked Witcher to put his hands on his head. Instead of complying, Witcher fled, and a chase ensued. He was quickly apprehended, and six or seven dime bags of marijuana were found in his pocket.

1. Witcher argues that the trial court erred in denying his motion to suppress because Officer Collins' request that he put his hands on his head constituted an arrest without probable cause. Contrary to Witcher's contention, the police did not need probable cause to arrest in order to approach and question him.

> A police officer is authorized to make a brief, investigatory detention of an individual where the intrusion can be justified by specific, articulable facts giving rise to a reasonable suspicion of criminal conduct. What is demanded of the police officer . . . is a founded suspicion, some necessary basis from which the court can determine that the detention was not arbitrary or harassing.[1]

In this case, the officers testified that they investigated Witcher and his companion in response to a call from an off-duty officer, who knew Witcher's probationary status and suspected that he might be selling drugs. Corporal Elwood testified that the area is "frequented by individuals that sell and abuse narcotics" and that he had made several drug arrests there.

The trial court's findings of fact following an evidentiary hearing

---

[1] (Citations and punctuation omitted.) *Jones v. State,* 216 Ga. App. 449 (454 SE2d 631) (1995).

on a motion to suppress must be accepted unless clearly erroneous.[2] In the case at bar, the trial court found that the information provided by the off-duty officer who saw Witcher in a known drug area only five days after he was placed on NIPS probation, coupled with Witcher's behavior as he approached Officer Collins, provided the officer with a reasonable suspicion to perform a brief investigative stop. We find no error and affirm.

2. In addition, we note that Witcher waived his Fourth Amendment rights when he agreed to the following special condition of his probation:

> Probationer shall submit to search of his person, vehicle, residence, and property with or without a warrant, at any time such request is made by probation staff, city, county, or state law enforcement officer and specifically consents to the use of anything seized as evidence in a proceeding to revoke probation or prosecution under criminal law violations of the state of Georgia.

A search of a probationer pursuant to the waiver is valid if it is triggered by conduct "reasonably suggestive of criminal activity."[3] Clearly, Witcher's flight after being asked to place his hands on his head suggested criminal activity.[4] Accordingly, no Fourth Amendment violation occurred, and the trial court did not err in denying the motion to suppress.

3. Witcher's motion to withdraw the instant appeal is denied.
*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 18, 2002.

*Ryan M. Reid*, for appellant.
*W. Kendall Wynne, Jr., District Attorney*, for appellee.

---

[2] *Reese v. State*, 252 Ga. App. 650, 651 (1) (556 SE2d 150) (2001).

[3] (Citation and punctuation omitted.) *State v. Sapp*, 214 Ga. App. 428, 432 (3) (448 SE2d 3) (1994).

[4] *Anderson v. State*, 236 Ga. App. 679, 683 (4) (513 SE2d 235) (1999) (defendant's flight at time of arrest was evidence of consciousness of guilt).