## A05A2165. PICKETT v. THE STATE.
(626 SE2d 508)

MILLER, Judge.

After a jury trial, Shannon Pickett was convicted of two counts of aggravated child molestation. He now appeals on the grounds that the trial court erred in its handling of evidence and argument. We find no error and affirm.

Viewed in the light most favorable to the verdict, the record shows that the victim, who was seven years old, was living with the defendant and his family while her mother was incarcerated on unrelated charges. Pickett molested the victim there, penetrating her vagina with his penis and placing his mouth on her vagina. The victim spoke of the molestation first to her grandmother, and went on to describe the crime to other adults including her father and staff members of the Department of Family and Children Services (DFCS). With assistance from the victim's mother, Pickett eluded police for some time before turning himself in. A jury later found Pickett guilty of two counts of aggravated child molestation. He was ultimately

---

sentenced to 15 years to serve with 15 years probation. His motion for new trial was denied, and this appeal followed.

1. Pickett first argues that the trial court erred when it barred defense counsel from cross-examining the DFCS investigator concerning family reports that the victim had been observed naked with another child. We disagree.

"[E]vidence of a child victim's prior molestation or other sexual history is inadmissible absent a showing of relevance." *Neal v. State*, 210 Ga. App. 522, 524 (3) (436 SE2d 574) (1993). We will not disturb a trial court's decision on the permissible scope of cross-examination in the absence of an abuse of discretion. *Dick v. State*, 246 Ga. 697, 706 (16) (273 SE2d 124) (1980). Pickett did not show that the victim's past was relevant in any way to the issues presented at trial, and he therefore had no right to raise or pursue the subject of the victim's sexual behavior. The trial court did not abuse its discretion when it cut off this line of questioning. See *Neal*, supra, 210 Ga. App. at 524-525 (3).

2. Pickett also argues that the trial court erred when it interrupted that portion of counsel's closing argument concerning the extent of injury to the child's vagina. Specifically, Pickett asserts that he had the right to characterize medical testimony as suggesting that the injuries suffered were inconsistent with full penetration. We disagree.

As the trial court pointed out during the cross-examination of the physician and repeated in its admonition during closing argument, the crime of aggravated child molestation does not distinguish between degrees of vaginal injury. See OCGA § 16-6-4 (c) (defining aggravated child molestation as commission of act which "physically injures the child or involves an act of sodomy"). The physician testified that the victim's hymen was narrow, indicating that it had been torn as a result of penetration. The court therefore did not err when it admonished counsel not to suggest that the penetration or the resulting injury had been insignificant. See OCGA § 17-8-75 (trial court has affirmative duty to correct misconstructions of the evidence made by counsel in the presence of the jury); *Lancette v. State*, 151 Ga. App. 740 (2) (261 SE2d 405) (1979) (trial court's warning to limit defense counsel's comments in closing argument strictly to what is in evidence was not improperly restrictive).

3. Pickett also asserts that the trial court erred when it allowed testimony concerning the child's lack of sexual contact with anyone other than the defendant, the child's credibility, and when it failed to grant a mistrial after the jury heard evidence concerning Pickett's prior drug use. Again, we disagree.

"It is too late to urge objections to the admission of evidence after it has been admitted without objection; failure to object to evidence

when it is offered amounts to a waiver of any objection that might have been raised." (Citation omitted.) *Mayo v. State*, 261 Ga. App. 314, 318 (5) (582 SE2d 482) (2003). Here, Pickett failed to object to the evidence at the time, and also failed to renew his motion for mistrial after the trial court instructed the jury to disregard his testimony concerning his drug habit. Thus there is nothing for us to review on appeal. Id.; *Brown v. State*, 187 Ga. App. 347 (1) (370 SE2d 203) (1988).

4. Finally, Pickett argues that the trial court erred when it allowed the State to comment on his failure to give a statement to police prior to his arrest. These comments came in the context of evidence concerning Pickett's attempts to elude the police. Here again, however, Pickett failed to object to the State's comments at the time they were made. He has thus waived the issue on appeal. *Landers v. State*, 270 Ga. 189, 190-191 (2) (508 SE2d 637) (1998).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JANUARY 4, 2006 —
RECONSIDERATION DENIED JANUARY 23, 2006.

*James C. Wyatt*, for appellant.
*Leigh E. Patterson, District Attorney, Finnis K. Salmon, Assistant District Attorney*, for appellee.