A06A2092. SCOTT v. THE STATE.
(637 SE2d 751)

PHIPPS, Judge.

Following denial of his motion for new trial, Willard Scott appeals his convictions of aggravated assault and theft by taking a motor vehicle. Finding no merit in any of his claims of error, we affirm.

The victim of Scott's crimes was Benita Hill. State's evidence showed that Scott had been romantically involved with Hill's sister, Shelinda Williams, but Williams had ended the relationship. After doing so, she temporarily resided with Hill. During the time period in question, Scott was continuously calling Hill's house trying to contact Williams. Hill told Scott that Williams no longer lived there and instructed him not to call anymore. Instead, he came to Hill's house while she was there alone. When she opened her door to take out the trash, she saw him standing in the doorway. After he forced her back inside, she noticed that he had a gun. He took her into the bedroom and began talking to her. He told her that he was not going to hurt her, but that he was going to do himself harm. He then became belligerent, however, and wanted to know where Williams was. After she told him that she did not know, he instructed her to leave the house with him to go for a ride. As they were leaving, he grabbed her from behind and began to choke her causing her to pass out. After she regained consciousness, she began spitting up blood and was taken to the emergency room for medical treatment. She later discovered that her motor vehicle was gone.

In his defense, Scott testified that he had gone to Hill's house to collect some money he had given to Williams. He claimed that the weapon in his possession was a BB gun without pellets that he had brought to deter any attack upon him. He denied forcing his way into

Hill's house. He maintained that after he went into the house, Hill attacked him with a knife without provocation and that, after he had disarmed her, she apologized to him for what she had done and gave him permission to leave in her car.

1. Scott contends the trial court erred in admitting similar transaction evidence.

The evidence of which Scott complains related to Scott's prior conviction of criminal trespass entered on a guilty plea. The complainant in the case was Shelinda Williams. Williams testified that after she had broken up with Scott, he continually made harassing telephone calls threatening her and her family. As a result, she took out a restraining order against him. During one telephone call, Scott threatened to come over to her house. Later that evening, she heard a noise outside of her house and summoned the police. The officer who responded found Scott lying underneath the house. Scott admitted to the officer that he had been trying to scare Williams.

We find no error in the court's admission of this most probative similar transaction evidence, for the purpose of showing Scott's bent of mind and course of conduct in lying in wait outside residences occupied by his former girlfriend and her family for the purpose of harassing and intimidating them.[1] Scott additionally complains that the state failed to show that his guilty plea was knowingly, voluntarily, and intelligently entered. Because Scott did not challenge the validity of his guilty plea at trial, however, and in fact freely admitted at trial that he had committed the offense, the state was under no burden to make such a showing.[2]

2. Scott claims that the count of the indictment charging him with aggravated assault was defective.

> Under the [Georgia] Code, aggravated assault has two essential elements: (1) an attempt to commit a violent injury, or an act that places another in reasonable apprehension thereof, and (2) that the assault was aggravated by either (a) an intention to murder, rape or rob, or (b) the use of a deadly weapon. Hands are not per se deadly weapons, but may be, depending upon the circumstances of a particular case. However, when the State believes that such circumstances exist, the indictment should allege that the accused's hands

---

[1] *Smith v. State*, 273 Ga. 356, 357 (2) (541 SE2d 362) (2001).

[2] See generally *Parrott v. State*, 206 Ga. App. 829, 835 (5) (b) (427 SE2d 276) (1992).

were being used as deadly weapons and were likely to cause bodily injury.[3]

The indictment here charged Scott with aggravated assault by choking Hill around the neck with his hands, and the indictment alleged that Scott's hands were being used offensively against Hill in such manner as to have been likely to have resulted in serious bodily injury or to have actually resulted in serious bodily injury. Although the aggravated assault count of the indictment did not additionally allege that Scott had attempted to commit a violent injury or that his act had placed Hill in reasonable apprehension thereof, another count charging him with kidnapping with bodily injury alleged that he had caused bruising around her throat and hemorrhaging in her eyes. Under the circumstances, even though the aggravated assault count was deficient, it was not so fundamentally flawed as to have charged no crime at all.[4] Consequently, Scott waived the defect in the indictment by proceeding to trial without complaint.[5]

3. Scott complains of one aspect of the trial court's charge to the jury on the offense of aggravated assault.

In charging on this offense, the court repeatedly instructed the jury that a person commits the offense of aggravated assault when that person assaults another person with any object, device, or instrument that when used offensively against a person is likely to or actually does result in "serious bodily injury." In one instance, however, the court used the phrase "severe bodily injury" rather than "serious bodily injury." We conclude that, "[c]onsidering the charge as a whole, the trial court's slip of the tongue did not mislead or confuse the jury, and the error, if any, was harmless."[6]

4. Scott contends that, even in the absence of a request, the trial court erred in failing to instruct the jury on the defense of justification.

"A trial court must charge the jury on a defendant's sole defense, even without a written request, if the circumstances support the

---

[3] *Smith v. Hardrick*, 266 Ga. 54, 55 (2) (464 SE2d 198) (1995) (footnotes and emphasis omitted).

[4] Cf. *Stinson v. State*, 279 Ga. 177, 178-179 (2) (611 SE2d 52) (2005) (even though felony murder count of indictment did not contain essential elements of predicate offense of aggravated assault, indictment satisfied due process because another count set forth sufficient allegations to put defendant on notice of the facts); compare *Smith v. Hardrick*, supra at 55-56 (3) (indictment charging defendant with aggravated assault but failing to allege any of the essential elements of the crime was so fundamentally flawed as to charge no crime at all).

[5] See *Stinson v. State*, supra at 179-180.

[6] *Shorter v. State*, 270 Ga. 280, 281 (3) (507 SE2d 757) (1998) (citation omitted); compare *Chase v. State*, 277 Ga. 636, 638 (2) (592 SE2d 656) (2004).

charge."[7] The testimony Scott gave in his defense set forth a claim that he had merely struggled with Hill in order to thwart her knife attack upon him. He denied having grabbed her around the neck. Under these circumstances, his defense was a simple denial of the allegations of the complaint. The court thus did not err in failing to give a sua sponte charge to the jury on the defense of justification.

5. Scott's challenge to the sufficiency of the evidence is without merit. Viewed in a light most favorable to support the verdict, the evidence was sufficient to authorize any rational trier of fact to find Scott guilty of all of the elements of aggravated assault and theft by taking a motor vehicle beyond a reasonable doubt.

6. Scott charges his trial attorney with ineffective assistance in, among other things, failing to call an expert witness to rebut testimony given by the emergency room physician who treated Hill's injuries and failing to request a lesser included offense jury instruction on the aggravated assault charge.

Scott has not carried his burden of establishing that counsel provided ineffective assistance in these regards, in that he has made no showing as to what the medical expert would have testified and has failed to identify any lesser included offense on which counsel should have requested a jury instruction.[8] Given our resolution of the other issues in this appeal, his remaining claims of ineffective assistance are moot.

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED OCTOBER 6, 2006.

*Veronica E. Brinson*, for appellant.
*Howard Z. Simms, District Attorney, Sandra G. Matson, Assistant District Attorney*, for appellee.

---

[7] *Rogers v. State*, 247 Ga. App. 219, 222 (4) (543 SE2d 81) (2000) (citations and punctuation omitted).

[8] See *Shabazz v. State*, 273 Ga. App. 389, 391-392 (2) (615 SE2d 214) (2005).