## A09A1656. MARTIN v. THE STATE.
(685 SE2d 399)

JOHNSON, Presiding Judge.

Samuel Martin, Jr., was charged by accusation with one count of battery and one count of assault. A jury found him guilty of battery, and not guilty of assault. He appeals from the conviction entered on the verdict, claiming that the trial court erred in admitting evidence of an incident of prior difficulty involving the victim, failing to charge the jury on self-defense and mutual combat, and finding that he did not receive ineffective assistance of trial counsel. The arguments are without merit, so we affirm the conviction.

Viewing the evidence in a light most favorable to the verdict, it shows that one evening Martin and his girlfriend argued at their home for several hours. Martin testified that a friend of his girlfriend kept telephoning the house to check on her. At one point, Martin retrieved a gun and struck his girlfriend on the side of the head while she was holding the couple's infant. The victim's friend was still on the phone and overheard her ask Martin "why did you hit me with that gun?" The friend asked, "he hit you with a gun?" The victim replied that he had. The friend ended the call and immediately telephoned police. Police arrived at the home and arrested Martin. At trial, Martin denied hitting the victim and stated that she hit him with a glass candlestick.

1. Martin contends the trial court erred in allowing the victim to testify that a few months earlier, while she was pregnant, Martin pushed her several times during an argument. According to Martin, evidence of the prior difficulty was inadmissible because the prior offense was not connected to the charged crimes, was prejudicial, and placed his character at issue. However, because Martin did not object at trial to the testimony, the argument has not been preserved for review on appeal.[1]

2. In a separate but related enumeration of error, Martin contends that his trial counsel rendered ineffective assistance by failing to object to the admission of the evidence of prior difficulty between the parties.[2] This argument is without merit.

---

[1] See *Pickett v. State*, 277 Ga. App. 316, 317-318 (3) (626 SE2d 508) (2006).

[2] We note that Martin was represented at trial by a team of two attorneys.

To obtain reversal of a conviction based on a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance was professionally deficient and that, but for counsel's unprofessional errors, there was a reasonable probability the outcome would have been more favorable.[3]

Martin has not shown that counsel was deficient for not objecting to the evidence of prior difficulty. The evidence was admissible because: (1) it showed Martin's motive or intent, or the state of the relationship between Martin and the victim; (2) the victim and Martin were the parties involved in the prior difficulty; and (3) there was sufficient connection between the parties' prior difficulty and the crimes charged, each of which occurred during an argument and endangered the couple's child.[4] Thus, trial counsel's failure to object to this testimony was not deficient.[5] Nor has Martin shown any prejudice resulting from counsel's failure to object to the victim's testimony.[6]

Martin also argues within this enumeration of error that trial counsel was ineffective for failing to object on hearsay grounds to the victim's testimony that a police officer told Martin to return her car which he took following the prior incident. Even if counsel erred in not objecting to this testimony, there has been no showing of prejudice. Here, there was evidence that Martin struck the victim with a gun, and that the victim's friend overheard the victim ask, during the argument with Martin, why he struck her with a gun. Considering the totality of the evidence, we conclude that trial counsel's failure to object to testimony concerning the car did not affect the outcome of the case.[7] Thus, the trial court did not err in finding that Martin was not denied effective assistance of trial counsel on this ground.[8]

3. Martin also contends his trial attorneys were ineffective because they failed to alert the trial court that two jurors slept during portions of the trial. At the hearing on the motion for a new trial, one of Martin's trial attorneys testified that he saw two jurors "nodding off" while a videotape was being played at trial. Counsel said "I feel like I brought it to [co-counsel's] attention during the trial," though he could not recall with any certainty whether he had. Co-counsel and the trial judge both remarked at the hearing on the motion for a new trial that they did not see any jurors sleeping. In

---

[3] See *Washington v. State*, 285 Ga. 541, 543 (3) (678 SE2d 900) (2009).

[4] *Westbrooks v. State*, 263 Ga. App. 566, 569 (2) (588 SE2d 335) (2003).

[5] See generally *Fairbanks v. State*, 225 Ga. App. 666, 670 (4) (484 SE2d 693) (1997).

[6] See id.

[7] See generally *Scott v. State*, 243 Ga. App. 383, 387 (3) (532 SE2d 141) (2000).

[8] See id.

any event, we have held that trial counsel is not ineffective for failing to voice an objection to the court that a juror was asleep.[9]

Furthermore, the test regarding effective assistance of counsel is to be "not errorless counsel, and not counsel judged ineffective by hindsight, but counsel rendering reasonably effective assistance."[10] Applying this principle to the present case, where the jury acquitted Martin on one of the two charges, we cannot say that Martin was denied his constitutional right to effective assistance of counsel on the ground that counsel failed to alert the trial court that two jurors may have been falling asleep during a portion of the trial.[11] The trial court's finding on this issue is not clearly erroneous and must be affirmed.[12]

4. Martin contends the trial court erred in failing to charge the jury, sua sponte, on self-defense and mutual combat. Although Martin did not request the charges, he urges that a self-defense charge was warranted because it was the only defense theory raised by his testimony (namely, that the victim initiated the altercation by arguing with him and hitting him with a candlestick). Martin also argues that a "mutual combat" charge was authorized because the evidence showed that he and the victim were involved in a quarrel and that both of them were willing to fight. Martin states that the two defenses are mutually exclusive, but that the jury could have decided which of the two defenses applied in this case.

Martin waived his right to jury instructions on self-defense and mutual combat. When the trial court discussed whether a charge on self-defense should be given in light of Martin's testimony that he did not hit the victim, defense counsel expressly agreed that such an instruction was not warranted. And when the trial court asked defense counsel if there were any exceptions to the jury charge, counsel replied that there were not. Any exceptions were therefore waived.[13]

Even if the argument was not waived, it is without merit. In order for a defendant to have a legal affirmative defense, he must admit the elements of the crime, but seek to justify, excuse, or mitigate the offense by showing there was no criminal intent.[14] At trial, Martin denied the allegations of the accusation, testifying that he did not strike the victim at all. Thus, there is no evidence to support a jury instruction on self-defense or mutual combat.[15] There

---

[9] *McCollum v. State*, 257 Ga. App. 330, 334 (2) (c) (571 SE2d 405) (2002).

[10] (Punctuation omitted.) Id.

[11] Id.

[12] Id.

[13] See *Allen v. State*, 177 Ga. App. 600, 603 (2) (b) (340 SE2d 246) (1986).

[14] *Green v. State*, 240 Ga. App. 774, 776 (1) (525 SE2d 154) (1999).

[15] *Scott v. State*, 281 Ga. App. 813, 815-816 (4) (637 SE2d 751) (2006).

was no error.

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED OCTOBER 8, 2009.

*Robert Kenner, Jr.*, for appellant.

*Charles A. Spahos, Solicitor-General, Jefferson F. Upchurch, Assistant Solicitor-General*, for appellee.