## A00A1849. ELLERBEE v. THE STATE.
### (542 SE2d 146)

MILLER, Judge.

In November 1996, Sherrod Ellerbee was tried before a jury and found guilty of a single count of violating the Georgia Controlled Substances Act. A timely motion for new trial was filed urging the general grounds. In February 2000, this motion was amended to complain of the admission of a similar transaction. In March 2000, the amended motion was denied and a timely notice of appeal was filed. In six related enumerations of error, Ellerbee complains of the admission of his prior conviction for selling cocaine. He further enumerates purported restrictions on his cross-examination and chal-

lenges the sufficiency of the evidence. We affirm.

Viewed in the light most favorable to the jury's verdict, the evidence revealed that around 1:00 p.m. on April 25, 1996, agents from the Upson County Narcotics Task Force were on routine patrol when one recognized Ellerbee, with two unknown males, standing at the corner of a dead-end street known as a high drug area. Ellerbee was beside a car with something in his hand. He looked at the officers, dropped his hand and took off running. Something fell to the ground, and while one agent pursued Ellerbee, the other recovered 13 individually wrapped green plastic bags, each containing what appeared to be "dime rocks," that is, $10 worth of crack cocaine. In the officer's experience, this is how crack cocaine is commonly prepared for distribution and the total quantity (13 rocks) was excessive for individual use.

Proof of a similar transaction was admitted for the limited purpose of showing the identity of the perpetrator and his intent or motive. In February 1994, Tony Brown, then an undercover officer with the City of Newnan police, made a controlled buy of crack cocaine in Upson County. According to Brown, Ellerbee approached Brown's car and asked him what he needed. When Brown asked for "$20 worth[, Ellerbee] motioned to a second . . . male, who came over . . . and sold [Brown] $20 worth of crack cocaine." This crack cocaine was packaged in small green plastic bags. With the assistance of counsel, Ellerbee pled guilty to this offense in April 1995 and received five years probation.

1. Procedurally, Ellerbee contends the trial court erred in admitting proof of his earlier conviction for the sale of cocaine, arguing (a) the State failed to give him proper notice under Uniform Superior Court Rule 31.3 (B) and (b) the State failed to present sufficient evidence at the pre-trial hearing on admissibility.

(a) USCR 31.1 requires that the State's notice of intent to present evidence of similar transactions or occurrences "shall be given and filed at least ten (10) days before trial unless the time is shortened or lengthened by the judge." Ellerbee's trial commenced on November 20, 1996, and the State filed its notice of intent on October 24, 1996, with a certificate that service of the notice was made that same day by telefacsimile. The USCR 31.3 notice specifies that the extrinsic act is Ellerbee's prior "SALE OF COCAINE" in Upson County on April 10, 1995 (the date of sentencing). Nevertheless, the notice failed to fully comply with USCR 31.3 (B), which requires that "[c]opies of accusations or indictments, if any, and any guilty pleas or verdicts, if any, *shall be attached to the notice.*"[1]

---

[1] (Emphasis supplied.)

In response to Ellerbee's objection at the pre-trial hearing on the admissibility of the similar transaction, the State's Attorney did not claim inadvertence or oversight but attempted to put the onus on defense counsel.[2] The State argued that any claimed lack of proper notice was disingenuous because, since the prosecutor had found Ellerbee's guilty plea on file in the clerk's office, defense counsel could have found it also, or at least asked his client about the noticed offense.

(i) The prosecuting attorney is an officer of the court and in that capacity has a duty to seek justice and not merely obtain convictions.[3] Both the Court of Appeals of Georgia and the Supreme Court of Georgia have previously

> register[ed] our stern disapproval of tactics which give rise to the appearance that the prosecution, by act or omission, has attempted to subvert or circumvent the right of an accused to have reasonable pretrial "access to evidence," (cit.), as that right is protected by the Georgia and U. S. Constitutions, the statutes of this State, and the Uniform Superior Court Rules.[4]

The trial court erred in failing to require the State to timely produce the indictment and guilty plea (State's Exhibit 2) of the similar transaction, as plainly mandated by USCR 31.3 (B).

(ii) Nevertheless, the failure of the State to attach copies of the indictment and guilty plea to fully comply with USCR 31.3 (B) does not require automatic reversal or exclusion of the similar transaction evidence, but is subject to testing for harm.[5] Noncompliance puts the burden on the State to prove that its violation of the rule did not

---

[2] Compare *Sweatman v. State*, 181 Ga. App. 474-475 (1) (352 SE2d 796) (1987) (where failure to attach prior indictment and guilty plea is inadvertent, substantial compliance with USCR 31.3 is sufficient).

[3] *Floyd v. State*, 272 Ga. 65, 67 (2) (525 SE2d 683) (2000).

[4] *Carr v. State*, 267 Ga. 701, 711 (10), fn. 5 (482 SE2d 314) (1997) (quoting *Bentley v. State*, 210 Ga. App. 862, 863 (2) (a) (438 SE2d 110) (1993)), overruled in part on other grounds, *Clark v. State*, 271 Ga. 6, 10 (5) (515 SE2d 155) (1999).

[5] See *Walker v. State*, 213 Ga. App. 407, 412 (5) (444 SE2d 824) (1994) (State's USCR 31.3 (B) notice failed to give the date and county of two similar transactions and accused claimed prejudice in not being able to impeach a witness to the other crime with her own conviction. Held: Any deficiency in the notice was harmless because the witness admitted her own conviction.). Accord *Howard v. State*, 194 Ga. App. 443, 444 (390 SE2d 662) (1990) (State's USCR 31.3 (B) notice failed to attach copy of guilty verdict for similar transaction but complied with all other procedural requirements, which the trial court considered sufficient notice. Held: Since appellant failed to show any prejudice from the admission of the similar transaction, any error in the failure to attach the guilty verdict to the notice was harmless.).

harm the defendant.[6]

The withheld special presentment charged Ellerbee with violating the Georgia Controlled Substances Act by "knowingly sell[ing] Cocaine," and lists Brown and Cindy O'Neal of the Coweta County Sheriff's Department as witnesses. The withheld guilty plea, entered with the assistance of counsel, indicates Ellerbee received a five-year sentence, to be served entirely on probation. At the admissibility hearing, the State summarized the expected testimony of Agent Brown, who made the controlled buy of crack cocaine with Ellerbee acting as agent or go-between. The fact that Ellerbee was a party or perpetrator is established by his guilty plea.[7] Defense counsel immediately seized on the factual difference between dropping cocaine from one's hand and being present at the scene of a drug transaction in opposing the admissibility of the prior sale. Ellerbee did not request a postponement to interview Brown. Although we do not condone the unexcused failure of the State to attach copies of the indictment and guilty plea to the USCR 31.3 notice, we conclude that obvious error was harmless in this instance, because the defense was given actual notice of the particulars and the disposition of the earlier offense.

(b) The fifth enumeration contends the State failed to present sufficient evidence at trial to support its pre-trial prima facie showing. We disagree.

(i) At the USCR 31.3 (B) hearing, the State must make three affirmative showings: (1) that the extrinsic act evidence is submitted for a proper purpose, and not to raise an improper inference about the accused's bad character; (2) that the accused committed the extrinsic act or offense and (3) that there is a sufficient connection or similarity between the extrinsic act and the crime charged so that proof of the former tends to prove the latter.[8] For purposes of establishing a prima facie case for admissibility at the pre-trial USCR 31.3 (B) hearing, the prosecutor may "state in his place" the relevant facts of the prior conviction.[9] That was done here.

(ii) At the pre-trial hearing, the State assured the court that there would be testimony that, in the instant prosecution, Ellerbee "was in the act of counting out his individual bags as the officers drove up. . . ." At trial, the arresting officer did not include this detail. From this omission, Ellerbee argues the State failed to meet its evidentiary burden to present the trier of fact with evidence

---

[6] *Todd v. State*, 189 Ga. App. 538, 539 (1) (376 SE2d 917) (1988) (whole court).

[7] *King v. State*, 214 Ga. App. 311, 315-316 (5) (447 SE2d 645) (1994).

[8] *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

[9] *Stephens v. State*, 261 Ga. 467, 468 (6) (405 SE2d 483) (1991). Accord *Traylor v. State*, 217 Ga. App. 648, 649 (2) (458 SE2d 682) (1995).

establishing both that the accused committed the extrinsic act and that the connection between the extrinsic act and the charged offense tends to prove that Ellerbee committed the latter.[10] In our view, the evidence of eyewitness Brown, relating to the jury the factual circumstances of the prior sale of cocaine, in conjunction with the certified copy of Ellerbee's guilty plea, is sufficient to meet this evidentiary burden.[11]

2. Substantively, Ellerbee contends the trial court erred in admitting the similar transaction evidence because the State failed to: (a) show a proper purpose; (b) establish the requisite connection between the prior offense and the instant transaction and (c) employ the proper standard for admissibility to show identity. Ellerbee further argues that the probative value of this evidence outweighed its prejudicial effect and improperly put his character at issue.

(a) Regarding proper purpose and the requisite connection between the two acts, Ellerbee mistakenly focuses upon the differences between the prior and instant transactions "rather than correctly focusing on their similarities,"[12] as would establish relevance. "While Uniform Superior Court Rule 31.3 speaks [in terms] of 'similar' transactions, the issue of admissibility of extrinsic transactions has never been one of 'mere similarity.' It is, rather, 'relevance to the issues in the trial of the case.' "[13]

Independent crimes are admissible to show motive, intent, plan, identity, bent of mind or course of conduct.[14] In Georgia,

[a] much greater degree of similarity between the charged crime and the uncharged crime is required when the evidence of the other crime is introduced to prove identity than when it is introduced to prove a state of mind. Much more is demanded than the mere repeated commission of crimes of the same class, such as repeated murders, robberies, or rapes. The pattern and characteristics of the crimes must be so unusual and distinctive as to be like a signature.[15]

Evidence that, within the two past years, Ellerbee sold crack cocaine in green plastic wrapping in the same jurisdiction is, in our

---

[10] See *Williams v. State*, supra, 261 Ga. at 642 (2) (c).

[11] See *Jones v. State*, 206 Ga. App. 307 (425 SE2d 384) (1992) (testimony of arresting officers at USCR 31.3 (B) hearing, in conjunction with certified copy of conviction, sufficient). Compare *Williams v. State*, supra, 261 Ga. at 642 (2) (c) (State must do more than merely introduce certified copy of conviction in order to demonstrate sufficient connection).

[12] (Citation and punctuation omitted.) *Smith v. State*, 270 Ga. 68, 69 (2) (508 SE2d 145) (1998).

[13] (Citations omitted.) *Cole v. State*, 216 Ga. App. 68, 70 (1) (453 SE2d 495) (1994).

[14] *Williams v. State*, supra, 261 Ga. at 642 (2) (b), fn. 2.

[15] (Citation and punctuation omitted.) *Cole v. State*, supra, 216 Ga. App. at 70 (1).

view, distinctive and unusual enough to be some evidence of identity.[16] Thus, the prior guilty plea to the charge of selling cocaine was substantially relevant to corroborate the in-court identification of Ellerbee as the seller in this transaction.[17] It was also admissible to establish Ellerbee's bent of mind or guilty knowledge[18] and so rebut an inference of mere presence at the scene of the crime.[19] The trial court did not abuse its discretion since proper purposes and the requisite connection were shown. The first and second enumerations are without merit.

(b) The conclusion that Ellerbee's prior conviction for the sale of cocaine was more probative than prejudicial is implicit in the trial court's determination that the similar transaction was substantially relevant for an appropriate limited purpose.[20] Relevant extrinsic acts evidence is not rendered inadmissible despite its incidental tendency to discredit the character of the accused.[21] The fourth enumeration is without merit.

3. A trial court does not abuse its discretion in limiting a defendant's cross-examination to relevant matters.[22] Here, the trial court did not impermissibly restrict the scope of Ellerbee's cross-examination by sustaining the State's relevancy objection to the extent of a witness's training in the preparation of photographic lineups, since no such lineup was introduced into evidence by the State.

4. The in-court identification of Ellerbee as the man next to a car in a known drug area, who fled upon espying the police, dropping what was identified as 13 individually wrapped packages of crack cocaine, is sufficient under the standard of *Jackson v. Virginia*[23] to authorize the jury's verdict that he is guilty, beyond a reasonable doubt, of selling cocaine as alleged in the indictment.[24]

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

---

[16] See, e.g., *Shaw v. State*, 211 Ga. App. 647, 648 (1) (440 SE2d 245) (1994). See also *Felker v. State*, 252 Ga. 351, 360 (1) (a) (314 SE2d 621) (1984). The third enumeration, arguing the trial court employed an improper legal standard for the admissibility of extrinsic acts as proof of identity, is moot.

[17] *Evans v. State*, 209 Ga. App. 606, 607 (2) (434 SE2d 148) (1993) (whole court).

[18] *Brundage v. State*, 231 Ga. App. 478, 480 (2) (499 SE2d 408) (1998).

[19] See, e.g., *Menefee v. State*, 270 Ga. 540, 543 (3) (512 SE2d 275) (1999).

[20] *Evans v. State*, supra, 209 Ga. App. at 607 (2). See also *Sisson v. State*, 232 Ga. App. 61, 66 (3) (b) (499 SE2d 422) (1998) (the calculus whether relevant and admissible extrinsic acts evidence should nevertheless be excluded as more prejudicial than probative need not be an express determination on the record).

[21] *Farley v. State*, 265 Ga. 622, 623 (2) (458 SE2d 643) (1995).

[22] *Shepherd v. State*, 245 Ga. App. 386, 388 (3) (537 SE2d 777) (2000).

[23] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[24] *Dodson v. State*, 244 Ga. App. 94, 95 (534 SE2d 815) (2000).

52

DECIDED NOVEMBER 9, 2000 —
RECONSIDERATION DENIED NOVEMBER 29, 2000.

*Lindsey & Jacobs, Tamara Jacobs,* for appellant.
*William T. McBroom III, District Attorney, Jamie K. Inagawa, Assistant District Attorney,* for appellee.