A05A0293. EATON v. THE STATE.
(615 SE2d 576)

PHIPPS, Judge.

Robert Wade Eaton was convicted of two counts of child molestation for exposing his sexual organ to A. D. and A. M. He appeals, contending that the trial court erred in admitting certain evidence. Because Eaton has shown no reversible error, we affirm.

The trial evidence showed that on May 31, 2003, a man drove a car near A. D. as she was walking in her neighborhood. She was 14 years old. The man told her that he had something for her and then exposed his penis to her. A. D. reported the incident and the car's tag number to the police. Investigation revealed that the car was registered to Eaton's father. In court, A. D. identified Eaton as the man who had exposed himself to her. A photograph of the car was admitted in evidence as the state's Exhibit 1.

The evidence further showed that on June 2, 2003, when A. M. was 12 years old, a man driving a car similar to the one photographed in the state's Exhibit 1 drove near her as she was walking in her neighborhood. The man asked her, "Hey you want to see something?" A. M. recalled that the man then raised his body and "flashed his ding-a-ling at me." A. M. identified Eaton as the man who had exposed himself to her from a police photographic lineup and again in court.

The state presented evidence that Eaton had committed similar transactions against four other girls. K. S. testified that in May 2003, a man driving a car similar to the one shown in the state's Exhibit 1 drove near her as she was walking to her bus stop. K. S. was nine years old. K. S. recalled that the man asked her how old she was and then immediately pulled down his pants, raised his body, and exposed to her his "private part." K. S. identified Eaton as that man in a police photographic lineup and in court.

N. T. testified that in August 1994, when she was 11 years old, a man approached her in a store, lifted his shirt, and exposed his penis, which was hanging out of the open fly of his pants. She identified Eaton in court as the man who had exposed himself to her.

K. R. testified that in August 1994, she and her cousin, B. R., were playing outside. K. R. was ten years old, and B. R. was nine. A man twice drove by in a van — slowly, wearing no clothes, with his body "propped up," and masturbating. K. R. identified Eaton in court as that man. B. R. described the incident, but could not identify the perpetrator.

1. Eaton contends that the trial court erred by allowing the state to reveal to the jury that his photograph had been posted on the website for the state's sexual offender registry.

At a pretrial hearing, Eaton's attorney advised the court that K. S. had identified Eaton from a photograph of him that her stepmother had printed from the registry. The attorney sought a ruling that there be no mention of the registry or that he had a criminal record. The court ruled, "[N]o reference is to be made [that] he's a registered sex offender or [to] his prior convictions except as may become relevant during the trial." The court further directed the state to caution its witnesses "not to say anything other than [that the stepmother had]

obtained a picture." The state asked the court for clarification regarding its limitation if Eaton's attorney broached the subject on cross-examination, and the court instructed, "[I]f he . . . opens the door then the door is open and you can go into it then."

On direct examination, K. S. identified Eaton in court and confirmed that she previously had identified him from a police photographic lineup. On cross-examination, defense counsel asked K. S. whether she had seen a picture of Eaton before she viewed the police photographic lineup, and K. S. answered that she had. On redirect, the state established that it was K. S.'s stepmother who had shown her Eaton's photograph and that the photograph had been included among photographs of other persons. K. S.'s stepmother later testified that she had obtained all the photographs from "the computer."

The trial court did not abuse its discretion in its rulings.[1] Nor did the state violate those rulings by eliciting testimony that K. S.'s stepmother had obtained Eaton's photograph from "the computer." That testimony was elicited on redirect after the defense had broached the subject of another picture of Eaton that K. S. had seen. There was no mention that that picture had been taken from the website for the state's sexual offender registry. And nothing in the transcript before us shows that the jury reasonably might have equated "the computer" to that particular website. Contrary to Eaton's contention, the state did not reveal to the jury that his photograph had been posted on the website for the state's sexual offender registry.

2. Eaton contends that the trial court erred by admitting as a similar transaction the incident involving N. T., arguing that it was insufficiently similar to the charged offenses. Before similar transactions may be admitted into evidence, the state must make three affirmative showings: (1) that it seeks to introduce the evidence for an appropriate purpose; (2) that there is sufficient evidence to show that the accused committed the independent offense or act; and (3) that there is a sufficient connection or similarity between the independent offense or act and the crime charged such that proof of the former tends to prove the latter.[2]

Specifically, Eaton argues that the N. T. incident was insufficiently similar to the charged offenses because the former, unlike the latter, occurred inside a retail establishment. Eaton, however, ignores the obvious similarities among the three incidents. In all three, Eaton approached a girl, under the age of sixteen, in a public place,

---

[1] See *Blevins v. State*, 270 Ga. App. 388, 392 (3) (606 SE2d 624) (2004) (appellate court will not disturb a trial court's decision to admit such evidence absent an abuse of discretion).

[2] *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

but where no adult was in the immediate area. On each occasion, he engaged the girl's attention and then momentarily exposed his penis to her.

There is no requirement that a similar transaction be identical to the charged offenses.[3] Georgia courts construe the rules regarding the use of similar transaction evidence liberally in cases involving sexual offenses.[4] The issue of admissibility of similar transaction evidence, however, has never been one of "mere similarity"; relevance to the issues in the trial of the case must be shown.[5] In this case, the prosecuting attorney argued that the similar transaction showed identity, bent of mind, and course of conduct. We find no abuse of discretion in the trial court's admission of the N. T. incident because it was sufficiently similar to the charged crimes to shed light on the issues of identity, bent of mind, and course of conduct.[6]

3. Eaton contends that the trial court erred by admitting in evidence certified copies of his convictions for committing child molestation upon N. T., K. R., and B. R. He claims that the fact that he had a criminal record had no bearing on any issue for the jury and that evidence of the convictions served only to impugn his character.

One of the affirmative showings that the state must make before introducing similar transaction evidence is that the accused committed the independent act.[7] "[C]ertified copies of convictions are admissible when they are helpful in proving the identity of the defendant as the perpetrator of a similar transaction offense and are not the sole evidence of a previous crime."[8] Furthermore, evidence of relevant extrinsic acts is not rendered inadmissible because of its incidental tendency to discredit the character of the accused.[9] Because the trial court did not abuse its discretion in determining that proper purposes and the requisite connections were shown with regard to the contested evidence, there is no merit to this contention.[10]

4. Eaton contends that the trial court erred by allowing the state to introduce in evidence three of the similar transactions because they had been listed in a notice separately filed by the state three days before the state filed notice of the fourth similar transaction. At the similar transaction hearing, the prosecuting attorney explained that

[3] See Everhart v. State, 209 Ga. App. 82 (1) (432 SE2d 670) (1993).

[4] De'Mon v. State, 262 Ga. App. 10, 13 (2) (584 SE2d 639) (2003).

[5] Ellerbee v. State, 247 Ga. App. 46, 50 (2) (a) (542 SE2d 146) (2000).

[6] See id. at 50-51; Williams v. State, 263 Ga. App. 22, 24 (2) (587 SE2d 187) (2003) (absent an abuse of discretion, we will not disturb a trial court's determination that similar transaction evidence is admissible).

[7] Williams v. State, supra, 261 Ga. at 642.

[8] Shuman v. State, 244 Ga. App. 335, 337 (3) (535 SE2d 526) (2000) (citations omitted).

[9] Ellerbee, supra at 51 (2) (b).

[10] See Shuman, supra.

he had inadvertently omitted the fourth similar transaction from the first notice and therefore subsequently separately served notice of the state's intent as to that fourth similar transaction. Eaton asserts that, because the latter notice did not show that it was an amendment or a supplement to the former notice, the latter one superseded the former.

Eaton cites no case law or statute to support his assertion, and we find none. Although he cites Uniform Superior Court Rule (USCR) 31.3, he has not shown that rule was violated here. It pertinently provides that a notice of the state's intention to present evidence of similar transactions "shall be in writing, served upon the defendant's counsel, and shall state the transaction, date, county, and the name(s) of the victim(s) for each similar transaction or occurrence sought to be introduced." The purpose of USCR 31.3 is to provide a criminal defendant adequate notice of the state's intent to use similar transactions to enable him to resolve questions regarding admissibility of such evidence before trial.[11]

Eaton does not argue that either notice failed to comply with USCR 31.3. Nor does he argue that he did not receive one of the notices. In fact, the transcript reveals that at the similar transaction hearing, where the state expressly sought the court's ruling that all four transactions were admissible, Eaton's counsel conceded, "I've been served with *two* Notice[s] of Intent to present evidence of similar transactions."[12] Moreover, the record reveals that nothing on either notice claimed that it was the only notice or that the state was withdrawing any other notice. There is no merit to this claim of error.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED JUNE 2, 2005.

*David E. Slemons*, for appellant.
*Tommy K. Floyd, District Attorney, Thomas R. McBerry, Assistant District Attorney*, for appellee.

---

[11] *Todd v. State*, 189 Ga. App. 538, 539 (1) (376 SE2d 917) (1988).
[12] (Emphasis supplied.)