## A07A1301. BRELAND v. THE STATE.
(651 SE2d 439)

PHIPPS, Judge.

Following the denial of his motion for new trial, John Breland appeals his convictions for rape, aggravated child molestation, kidnapping with bodily injury and cruelty to children. He contends that the trial court improperly allowed similar transaction evidence at his trial, improperly used similar transaction evidence in sentencing him, and erred when it did not allow him to introduce expert witness testimony at a hearing on his motion for new trial to support his claim of ineffective assistance of counsel. For the reasons that follow, we affirm.

---

Viewed in the light most favorable to the jury verdicts, the evidence shows that on the morning of February 10, 2005, Breland began following 13-year-old B. T. in a car as the girl walked to school. Breland passed B. T. twice. Each time, he stopped the car, got out of it, and looked into the car's trunk or hood as B. T. walked by. When B. T. walked past Breland the second time, he ran up to her from behind and put a choke hold around her neck. He told her that he had a gun and he threatened to shoot her if she made noise. Breland forced B. T. into his car. While driving, he continued to threaten the girl, saying that if she told anyone about his attack he would "shoot up" her house. He also pushed her head into his lap and forced her to commit oral sodomy upon him in the car.

Breland took B. T. behind an abandoned school where he threw her against a wall and removed her clothes. He then forced her to the ground and engaged in vaginal sexual intercourse with her. He continued to choke her. Afterward he wiped her vaginal area with his shirt, allowed her to dress, and again threatened to kill her if she told anyone about the attack. Breland drove B. T. back to the area where he had abducted her and let her out of the car. She noted the car's license tag number, ran home, and told her grandmother about the attack. Her family notified the police and provided the license tag number, which led the police to Breland.

The police questioned Breland and took a DNA sample from him. This sample matched DNA found in B. T.'s vagina. B. T. identified Breland as her attacker in a photo lineup and at trial.

1. Breland asserts that the trial court improperly allowed the state to introduce evidence of three other incidents of rape and kidnapping that the state claimed he had committed. The other incidents occurred approximately six months before the attack on B. T. All three victims were teenage girls. In each case, the girl identified Breland as her attacker from a photo lineup. In each case, the attacker approached the girl from behind, put a "choke hold" on her neck, took her to an isolated outdoor location, raped her, used a shirt to wipe himself or her afterward, and threatened to kill her or "shoot up" her house if she told anyone of the attack.

At a pretrial hearing, the trial court determined that the prior incidents were admissible as evidence of similar transactions.

> In order for evidence of a similar transaction to be admissible, the State must demonstrate the following: (1) the evidence is admitted for a proper purpose; (2) sufficient evidence exists to establish the accused committed the independent act; and (3) a sufficient connection or similarity

exists between the independent offense and the crime charged so that proof of the former tends to prove the latter.[1]

"A trial court's admission of 'similar crimes' evidence will not be reversed on appeal unless that ruling was clearly erroneous."[2] Breland concedes that the similar transactions were admitted for a proper purpose, but he challenges the trial court's finding that the state met the other two requirements.

(a) Breland argues that the state failed to show that he committed the other rapes. "Our law does not require that the similar transaction evidence result in a criminal conviction before it is admissible."[3] Evidence that satisfies the requirement of showing that the defendant committed similar transactions may be circumstantial, but must be more than mere speculation.[4]

Here, the victims of the other rapes all separately identified Breland as their attacker. We find this to be sufficient evidence that he committed the other crimes.[5]

(b) Breland argues that the state failed to show a sufficient connection or similarity between the other rapes and the attack on B. T. He contends that dissimilarities between the attack on B. T. and the other rapes render them inadmissible. But in considering whether the state has shown a sufficient connection between the similar transactions and the charged crimes, we must "focus on the similarities between the [various] acts rather than the dissimilarities. . . ."[6] The incidents "need not be carbon copies of one another to be admissible[,]"[7] and we have found sufficient similarity even when specific details of the transactions differed.[8] Moreover, "Georgia

---

[1] *Collins v. State*, 273 Ga. 93, 94 (2) (538 SE2d 47) (2000), citing *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

[2] *Walker v. Houston*, 277 Ga. 470, 471 (1) (588 SE2d 715) (2003) (citation omitted).

[3] *Johnson v. State*, 280 Ga. App. 341, 345 (4) (634 SE2d 134) (2006) (citation omitted).

[4] *French v. State*, 237 Ga. 620, 621 (3) (229 SE2d 410) (1976) (holding testimony by witness that person who committed similar act was "short" was not enough to meet requirement where witness could not otherwise identify defendant as perpetrator in similar transaction).

[5] See *Enurah v. State*, 279 Ga. App. 883, 885 (2) (633 SE2d 52) (2006) ("each similar transaction witness positively identified [defendant] as the person who committed the independent act"); *Wilson v. State*, 220 Ga. App. 487, 490-491 (2) (b) (469 SE2d 516) (1996) (where prior rape victim's physical description of attacker and DNA samples from attacker matched defendant, trial court did not err in admitting incident into evidence in case involving another rape); *Ferguson v. State*, 211 Ga. App. 218, 220 (2) (438 SE2d 682) (1993) (prior rape victim's identification of defendant in lineup was sufficient evidence on which to find that defendant had committed that earlier rape, for purposes of admitting incident into evidence as similar transaction).

[6] *Collins*, supra at 95 (2) (citation omitted).

[7] Id. (citation and punctuation omitted).

[8] See, e.g., *Scott v. State*, 281 Ga. App. 813, 814 (1) (637 SE2d 751) (2006) (incident in which defendant made harassing telephone calls to victim, threatened to come to her house, and later

courts construe the rules regarding the use of similar transaction evidence liberally in cases involving sexual offenses."[9]

Here, the state showed several commonalities between the attack on B. T. and the similar transactions. All of the victims were teenage girls, who were attacked from behind by a man using a choke hold. All of the girls were taken forcibly to a remote location and raped. In each case, after the rape the attacker wiped either himself or the girl with his shirt and then released her, using similar language to threaten her if she told anyone of the incident. We conclude that the trial court did not abuse its discretion in finding sufficient similarity between the charged crimes and the other transactions.[10]

2. Breland argues that the trial court erred in not admitting expert evidence on the reliability of eyewitness identification at the hearing on his motion for new trial. He sought to use this evidence to support a claim of ineffective assistance of counsel, which he based on his counsel's decision not to introduce expert testimony at trial to challenge the identifications of Breland made by B. T. and other witnesses.[11] At the new trial hearing, the trial court did not allow Breland's expert to testify because the court determined that Breland had not met the foundational requirements for the admission of this expert evidence at trial. Before denying Breland's motion for new trial, however, the trial court heard argument from counsel concerning the nature of the expert evidence and testimony from Breland's trial counsel about her decision not to introduce this type of evidence.

(a) In *Johnson v. State*,[12] the Supreme Court of Georgia held that "the admission of expert testimony regarding eyewitness identification is in the discretion of the trial court" and will not be disturbed on appeal.[13] If eyewitness identification is a key element of the state's case and no other evidence substantially corroborates the identification, then the trial court must "carefully weigh[ ] whether the

---

was found lying underneath her house was sufficiently similar to allegations that defendant had loitered around another victim's house, then forced her inside with gun, threatened her, choked her and stole her motor vehicle).

[9] *Eaton v. State*, 273 Ga. App. 494, 497 (2) (615 SE2d 576) (2005) (footnote omitted).

[10] See id.

[11] Breland also was charged in this case with attacking and robbing another teenage girl, K. C. The jury, however, acquitted Breland of those crimes. Breland challenges the identification testimony of K. C., but his acquittal of the crimes against her renders any errors related to her identification "harmless[,] if not moot." *Goings v. State*, 265 Ga. App. 296, 299 (5) (593 SE2d 751) (2004) (punctuation and footnote omitted).

[12] 272 Ga. 254 (526 SE2d 549) (2000).

[13] Id. at 257 (1).

evidence would assist the jury in assessing the reliability of eyewitness testimony and whether expert eyewitness testimony is the only effective way to reveal any weakness in an eyewitness identification."[14]

Here, the state presented corroborating evidence in addition to the identification testimony of the victims. Breland's DNA matched that found in B. T. The license tag number noted by B. T. matched that of a car registered to Breland. Breland argues that this corroborating evidence is flawed and should not be considered, but his challenges go to the weight of the evidence and not to the issue of whether this evidence supports the trial court's decision to exclude expert evidence on eyewitness identification. We find no abuse of discretion in the trial court's determination that it was entitled to exclude the testimony of an eyewitness identification expert.[15]

(b) Breland argues that the trial court's exclusion of expert evidence at the new trial hearing violated his rights to counsel and due process, citing *Heard v. State*[16] for the proposition that "the Sixth Amendment requires more than a perfunctory, surface inquiry to determine the truth and scope of the allegations [of ineffective assistance]."[17] In *Heard*, the trial court had not conducted a hearing on a motion for change of counsel based on a claim of ineffective assistance, but instead had "refused to allow pursuit of the issue" and had summarily denied the motion, resulting in a record that provided the appellate court with "no way of determining whether [trial counsel's action] was a conscious tactical decision on the part of counsel or an instance of ineffective assistance of counsel."[18] In contrast, the trial court here held a hearing on the motion for new trial at which the state moved to exclude the expert evidence; and the court gave Breland the opportunity to present his ineffective assistance argument, heard extensive argument from counsel as to whether the expert evidence should be excluded, and heard testimony from Breland's trial counsel as to why she chose not to pursue this type of evidence at trial. The court also provided on the record an explanation for its decision to exclude the evidence. We find this case distinguishable from *Heard*.

---

[14] Id. (citation and footnote omitted).

[15] See *Allen v. State*, 268 Ga. App. 519, 527-528 (2) (602 SE2d 250) (2004) (trial court did not abuse its discretion in excluding testimony of expert in eyewitness identification where victim's identification was corroborated by evidence connecting defendant to car used in crime and to other items involved in crime); *Jividen v. State*, 256 Ga. App. 642, 647 (2) (569 SE2d 589) (2002) (trial court did not abuse its discretion in excluding evidence as irrelevant at new trial hearing involving ineffective assistance of counsel claim).

[16] 173 Ga. App. 543 (327 SE2d 767) (1985).

[17] Id. at 545 (1) (citations and punctuation omitted).

[18] Id.

3. Moreover, Breland failed to meet the requirements for ineffective assistance of counsel set out in *Strickland v. Washington.*[19] "The decision on whether to call an expert witness is one of trial strategy, and we will not find ineffectiveness if counsel's strategy and tactics were reasonable at the time."[20] The holding in *Johnson v. State*[21] concerning testimony of an expert in eyewitness identification

> does not stand for the proposition that defense counsel is *required* to call an expert witness at trial where one of the primary issues involved is eyewitness identification of the defendant, let alone the proposition that the failure to call such an expert witness amounts to ineffective assistance.[22]

At the new trial hearing, Breland's trial counsel testified that she chose not to pursue evidence of an expert in eyewitness identification because she feared that doing so would have prompted the state to do the same, which she believed ultimately would have harmed Breland's defense. Trial counsel's tactical decision that the risks of introducing such expert evidence outweighed its potential benefits did not constitute deficient performance.[23] "This is especially true since the admission of this evidence lies within the sound discretion of the trial court, and there is nothing to guarantee that such evidence, even if available, would have been allowed."[24] The trial court did not err in denying Breland's motion for new trial based on ineffective assistance of counsel.[25]

4. Breland contends that the trial court erred in sentencing him by impermissibly considering evidence of similar transactions in aggravation of his sentence. At the hearing on Breland's motion for new trial, however, the court stated that, even without the similar transactions, the trial evidence supported the maximum sentence. Moreover, "[d]uring sentencing, a court may consider any evidence properly adduced during the guilt-innocence phase of the proceedings[,]" including similar transaction evidence.[26] We find no error in the court's sentence.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

---

[19] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[20] *Bharadia v. State*, 282 Ga. App. 556, 559 (6) (a) (639 SE2d 545) (2006) (footnote omitted).

[21] Supra, 272 Ga. 254.

[22] *Darnell v. State*, 257 Ga. App. 555, 559 (7) (b) (571 SE2d 547) (2002).

[23] See *Wright v. State*, 265 Ga. App. 855, 857 (1) (b) (595 SE2d 664) (2004); *Chapel v. State*, 270 Ga. 151, 159-160 (9) (510 SE2d 802) (1998) ("That later counsel does not agree with this assessment does not render the strategic decision unreasonable.").

[24] *Wright*, supra at 857 (1) (b) (citation omitted).

[25] See *Turner v. State*, 237 Ga. App. 642, 645 (4) (516 SE2d 343) (1999).

[26] *De'Mon v. State*, 262 Ga. App. 10, 15 (5) (584 SE2d 639) (2003) (footnote omitted).

DECIDED AUGUST 1, 2007 — 

*Geerdes & Kim, Holly L. Geerdes*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.